FILED FOR RECORD
9/27/2022 4:48 PM
BETTY HERRIAGE
DISTRICT CLERK
HENDERSON COUNTY
Carmen Delgado

CAUSE NO. _____

CV22-0511-392

| | | |
|---|---|---|
| DAN BOETTCHER, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | _____ JUDICIAL DISTRICT |
| NEWREZ LLC F/K/A NEW PENN | § | |
| FINANCIAL, LLC d/b/a SHELLPOINT | § | |
| MORTGAGE SERVICING, its | § | |
| successors and/or assigns, | § | |
| | § | |
| **Defendant.** | § | |
| | § | OF HENDERSON COUNTY, TEXAS |

## PLAINTIFFS ORIGINAL VERIFIED PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Dan Boettcher, hereinafter called Plaintiff, complaining of and about Newrez LLC fka New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing, its successors and/or assigns, as Defendant, and for his claims and causes of action set forth herein below, and respectfully shows unto the Court the following:

### I.

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff intends that discovery be conducted under Discovery Level 2.

### II.

### PARTIES AND SERVICE

2.      Plaintiff, Dan Boettcher ("Plaintiff"), is an individual whose present address is 13672 FM 1314 North, Brownsboro, Texas 75756. The last three digits of Plaintiffs driver's license number are XXX, and the last three digits of his social security number are XXX.

---

Plaintiff's Original Verified Petition, etc. – Dan Boettcher                                             Page 1

Copy from re:SearchTX

3.      Upon information and belief, Defendant, Newrez LLC fka New Penn Financial, LLC dba Shellpoint Mortgage Servicing ("Defendant"), is a foreign limited liability company doing business in the State of Texas and purports to be the current loan servicer of Plaintiff's mortgage loan made the subject of this suit, and may be served with process by serving its registered agent, Corporation Service Company dba CSC Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218. Service of process upon said Respondent as described above can be effectuated by personal delivery to its registered agent identified herein.

### III.

### JURISDICTION AND VENUE

4.      The subject matter in controversy is within the jurisdictional limits of this court.

5.      Plaintiff seeks:

a.      monetary relief of more than $100,000, including damages of any kind, including penalties, costs, expenses, pre-judgment interest, and attorney's fees; and,

b.      injunctive relief in the form of a temporary restraining order and temporary injunction.

6.      This court has personal jurisdiction herein because the defendants routinely engage in or transact business with sufficient minimum contacts in the State of Texas.

7.      Venue is proper in Henderson County, Texas in this cause pursuant to TEX. CIV. PRAC. & REM. CODE §15.011 et seq., and because this action involves real property that is situated entirely in Henderson County, Texas.

Copy from re:SearchTX

## IV.

## FACTUAL ALLEGATIONS

8.    On June 14, 2005, Plaintiff, along with his wife, purchased the real property and improvements commonly known as 13672 FM 1314 North, Brownsboro, Texas 75756, and legally described, to wit:

BEING 8.000 ACRES OF LAND SITUATED IN THE B, S. COY SURVEY, A-137. HENDERSON COUNTY. TEXAS AND BEING PART OF A CALLED 9.958 ACRE TRACT OF LAND DESCRIBED IN A DEED FROM KIMBERLY DAWN SHEWBIRT TO PAUL WAYNE SHEWBIRT AS RECORDED IN VOLUME 2379, PAGE 626 OF THE REAL PROPERTY RECORDS OF HENDERSON COUNTY, TEXAS AND BEING FURTHER DESCRIBED BY METES AND BOUNDS AS FOLLOWS:
BEGINNING AT A 1/2" IRON ROD FOUND FOR THE SOUTHWEST CORNER OF SAID 9.958 ACRE TRACT, BEING THE NORTHWEST CORNER OF A CALLED 9.975 ACRE TRACT AS DESCRIBED IN VOLUME 1114, PAGE 478 OF SAID DEED RECORDS AND BEING IN THE EAST RIGHT OF WAY LINE OF F.M. HIGHWAY NO. 314 AND BEING IN A CURVE NORTHEASTERLY TO THE LEFT; THENCE WITH THE WEST LINE OF SAID 9.958 ACRE TRACT, WITH SAID RIGHT OF WAY LINE AND WITH SAID CURVE TO THE LEFT WHOSE DELTA ANGLE = 02 DEGREES 40 MINUTES 50 SECONDS. TANGENT = 56.16 FEET, RADIUS 2400.00 FEET, CHORD = N 07 DEGREES 05 MINUTES 16 SECONDS EAST - 112.27 FEET AN ARC LENGTH OF 112.28 FEET TO A ½" IRON ROD SET; THENCE E CUTTING ACROSS SAID 9.958 ACRE TRACT, A DISTANCE OF 632.2 FEET TO A 1/2'" INCH IRON ROD SET; THENCE N CUTTING ACROSS SAID 9.958 ACRE TRACT, A DISTANCE OF 136.06 FEET TO A ½" INCH IRON ROD SET IN THE NORTH LINE OF SAID 9.958 ACRE TRACT, BEING IN THE SOUTH LINE OF A CALLED 9.975 ACRE TRACT DESCRIBED IN VOLUME 897, PAGE 660 OF SAID DEED RECORDS AND BEING IN OR NEAR THE NORTH LINE OF SAID COY SURVEY AND IN OR NEAR THE SOUTH LINE OF THE J. MCGREGOR SURVEY. A-547;
THENCE E WITH THE NORTH LINE OF SAID 9.958 ACRE TRACT AND WITH THE SOUTH LINE OF SAID 9,975 ACRE TRACT, A DISTANCE OF 1120.71 FEET TO A 1/2" INCH IRON ROD FOUND FOR THE NORTHEAST CORNER OF SAID 9.958 ACRE TRACT BEING THE SOUTHEAST CORNER OF SAID 9.975 ACRE TRACT AND BEING IN THE WEST LINE OF A CALLED 63.000 ACRE TRACT AS DESCRIBED IN VOLUME 436, PAGE 219 OF SAID DEED RECORDS; THENCE S 00 DEGREES 05 MINUTES 19 SECONDS W WITH THE EAST LINE OF SAID 9,958 ACRE TRACT AND WITH THE WEST LINE OF SAID 63.000 ACRE TRACT, A DISTANCE OF 247.48 FEET TO A 1/12" INCH IRON ROD FOUND FOR THE SOUTHEAST CORNER OF SAID 9,958 ACRE TRACT, BEING THE NORTHEAST CORNER

Copy from re:SearchTX

**OF A CALLED 9.975 ACRE TRACT AS DESCRIBED IN VOLUME 974, PAGE 442 OF SAID DEED RECORDS; THENCE N 89 DEGREES 59 MINUTES 59 SECONDS W WITH THE SOUTH LINE OF SAID 9.958 ACRE TRACT. BEING THE NORTH LINE OF SAID 9.975 ACRE TRACT IN VOLUME 974, PAGE 442 AND WITH THE NORTH LINE OF SAID 9.975 ACRE TRACT IN VOLUME 1[14, PAGE 478, A DISTANCE OF 1766.42 FEET BACK TO THE PLACE OF BEGINNING AND CONTAINING 8.000 ACRES OF LAND. ("Property"),**

which is the Plaintiff's homestead. At all relevant and material times hereto, Plaintiff was and is fee simple owner of the subject Property. A true and correct copy of the Warranty Deed With Vendor's Lien recorded in Volume 2549 at Page 742 in the official real property records of the Henderson County Clerk's office is attached hereto marked Exhibit "A" and incorporated herein by reference for all purposes.

9.      At the same time, Plaintiff and his wife applied for and obtained a mortgage loan from Argent Mortgage Company in the original principal amount of $232,000.00, which was secured by a Deed of Trust of even date to Lawrence Young, Trustee ("Original Loan").

10.      Subsequently, on May 25, 2006, Plaintiff and his wife refinanced the Original Loan and obtained a refinance loan from Home Funds Direct ("Original Lender") evidenced by a promissory note in the original principal amount of $251,000.00 ("Note") and secured by a Deed of Trust of even date to Thomas E. Black, Jr., Trustee ("Deed of Trust"). A true and correct copy of the Deed of Trust recorded in Volume 2657 at Page 180 in the official real property records of the Henderson County Clerk's office is each attached hereto marked Exhibit "B" and incorporated herein by reference for all purposes. The refinance Note and Deed of Trust are hereinafter referred to as "Plaintiff's Loan."

11.      Plaintiff diligently and timely tendered all monthly payments due and owing under Plaintiff's Loan until approximately 2007, when Plaintiff's wife lost her eyesight due to diabetes.

Copy from re:SearchTX

12.     As a result, Plaintiff had no choice but to retire from his full time job in order to stay home and provide full-time care for his wife.

13.     Thereafter, Plaintiff immediately contacted the current mortgage servicer at the time who informed him that Plaintiff's Loan had been sold to Home Q Mortgage, which came as a surprise since Plaintiff was never sent any notice of the transfer.

14.     Plaintiff then called Home Q Mortgage and was told that he owed $8,000.00 to cure the default, which was way more than Plaintiff felt he owed arrears. Home Q Mortgage refused to provide Plaintiff with any loss mitigation options such as a loan modification and refused to work with Plaintiff on any other repayment terms.

15.     Feeling that he was left with no other choice at that time, on March 31, 2008, Plaintiff filed a Chapter 13 bankruptcy under Case No. 08-60282 in the Eastern District of Texas, Tyler Division, which case was eventually dismissed due to nonpayment on September 10, 2008. A true and correct copy of Docket Report for Plaintiff's 2008 bankruptcy case is attached hereto marked Exhibit "C" and incorporated herein by reference for all purposes.

16.     After dismissal of Plaintiff's bankruptcy case, Plaintiff once again began contacting Home Q Mortgage to seek a resolution to his mortgage, and was told that his loan had been service transferred to a different mortgage servicer by the name of Feather Crest Caliber Mortgage, and once again Plaintiff was never notified of the change in mortgage servicers.

17.     When Plaintiff called Feather Crest Caliber Mortgage to see what options he had available in order to cure the default of his monthly mortgage payments, Feather Crest Caliber Mortgage told Plaintiff that his Note was held and owned by Met Life and sold to Lighthouse, and that if Plaintiff wanted to stay in his home he would need to pay $20,000.00 in order cure the default.

---

Plaintiff's Original Verified Petition, etc. – Dan Boettcher                                    Page 5

Copy from re:SearchTX

18.    Plaintiff was shocked to his conscious and very confused as to how he owed $20,000.00.

19.    However, in spite of his disagreement that he owed $20,000.00, Plaintiff tendered that amount and brought the loan current, even though his only income source was social security income.

20.    Subsequently, due to the fact that Plaintiff's only income source was social security income and his monthly payments of social security did not arrive until the end of each month, this caused even more late fees, penalties, etc. to accrue on top of what he already owed, and Plaintiff once again fell behind on his monthly mortgage payments.

21.    After quite some time of Plaintiff struggling to keep up with the monthly mortgage payments and other living expenses, on January 1, 2013, Plaintiff filed a second Chapter 13 bankruptcy in the Eastern District of Texas, Tyler Division under cause no. 13-60002. A True and correct copy of the Docket Report of Plaintiff's second Chapter 13 bankruptcy is attached hereto marked Exhibit "D" and incorporated herein by reference for all purposes.

22.    At the time of filing of his second bankruptcy, Plaintiff's Loan had been assigned several times and the creditor who filed a p[roof of claim related to his mortgage was Vericrest, whom Plaintiff had never even heard of prior to that time. Unfortunately, Plaintiff struggled to keep up with the monthly Chapter 13 bankruptcy payments and eventually Plaintiff's second Chapter 13 bankruptcy case was dismissed on October 23, 2013.

23.    Thereafter, after the dismissal of his second bankruptcy case, there was another servicing transfer of Plaintiff's Loan to Select Portfolio Servicing. Plaintiff then contacted Select Portfolio to attempt to seek options to resolve his mortgage loan issues. Plaintiff was somewhat

Copy from re:SearchTX

relieved because Select Portfolio seemed willing to work with him and would not assess more late fees or other loan changes. Unfortunately, however, after several calls and inquiries to Select Portfolio, Plaintiff was told that his loan had once again been servicing transferred to the Defendant.

24.      Plaintiff then contacted the Defendant, who advised Plaintiff that the Note and Deed of Trust had been assigned from the original lender to Metlife, and then Metlife assigned his Loan to Lighthouse Life. Plaintiff was wholly unaware of any of the assignments of his loan, but was told that there was an additional $20,000 charge added to his account because of the last assignment from Metlife to Lighthouse Life. When Plaintiff spoke to representative of the Defendant, one of them told him that this was a "predatory" loan. According to information he received from the Defendant, a few months later the $20,000 charge for the assignment was removed from the account.

25.      However, when Plaintiff then attempted to remit monthly payments to the Defendant, the Defendant refused to accept his payments and would not accept or apply them to the loan, which Plaintiff believes was intentional so as to drive up the amount owed to the point where Plaintiff could not pay.

26.      As a result of the Defendant rejecting his tender of payments, on or about November 1, 2021, Plaintiff filed his third Chapter 13 bankruptcy under Case No. 21-60461. Unfortunately, Plaintiff was unable to obtain confirmation of his chapter plan and his case was dismissed on July 1, 2022. A true and correct copy of the Docket Report of Plaintiff's

27.      Thereafter, Plaintiff once again contacted the Defendant and sought loss mitigation or other workout alternatives. Defendant provided Plaintiff with a loon modification application to complete and submit, and Plaintiff has completed and submitted the application to

Copy from re:SearchTX

the Defendant as of September 21, 2022. A true and correct copy of the Hardship Letter submitted by Plaintiff to the Defendant with his loan modification application to evidence the same is attached hereto marked Exhibit "F" and incorporated herein by reference for all purposes.

28.     Subsequently, Plaintiff received the attached Notice of [Substitute] Trustee's Sale from the local foreclosure attorneys representing the Defendant, Barrett Daffin Frappier Turner & Engel, LLP, wherein Plaintiff's homestead property has been reposted for foreclosure sale on October 4, 2022. A true and correct copy of the Notice of Substitute Trustee's Sale is attached hereto marked Exhibit "G" and incorporated herein by reference for all purposes.

29.     At no time has Plaintiff ever received any Notice of Default and Opportunity to Cure notice from the Defendant, or any prior servicer for that matter, as expressly required under paragraph 22 of the Deed of Trust and/or TEX. PROP. CODE §51.002(d), nor the 30-period to cure the default.

### V.

### FIRST CAUSE OF ACTION –
### APPLICATION FOR TEMPORARY RESTRAINING ORDER
### AND TEMPORARY INJUNCTION

30.     Plaintiff hereby incorporates by reference and realleges all material allegations of fact set forth in Section IV above as if fully set forth herein.

31.     Pursuant to Rule 680 of the Texas Rules of Civil Procedure, Plaintiff hereby seeks immediate relief in the form of a Temporary Restraining Order wherein this Court orders, restrains and prohibits the Defendant, and/or any of its agents, employees, attorneys, trustees, substitute trustees, successors and/or assigns from foreclosing or attempting to foreclose Plaintiff from his homestead property for a period of at least fourteen (14) days until a temporary

Copy from re:SearchTX

injunction hearing is held by this Court concerning whether Plaintiff has a probable right of recovery for his various claims and causes of action pleaded herein.

32.    Moreover, after issuance of a temporary restraining order, and upon notice and a hearing as required by law, Plaintiff further seeks entry of a Temporary Injunction to maintain the status quo and prohibit the Defendant, and/or any of its agents, employees, attorneys, trustees, substitutes trustees, successors and/or assigns from foreclosing or attempting to foreclose Plaintiff from his homestead property until the merits of Plaintiff's various claims and causes of action as pleaded herein can be fairly and fully adjudicated.

## VI.

### SECOND CAUSE OF ACTION – BREACH OF CONTRACT AND FAILURE OF CONDITION PRECEDENT

33.    Plaintiff hereby incorporates by reference and realleges all material allegations of fact set forth in Section IV and V above as if fully set forth herein.

34.    The acts, conducts or omissions of the Defendant as described herein, *supra*, also constitute a material breach of the Deed of Trust and a violation of the Texas Property Code, and a failure of condition precedent as to their acceleration of the Plaintiff's Loan and posting of Plaintiff's homestead property for foreclosure sale, and which material breach is the proximate cause of the actual damages sustained and incurred by Plaintiff in excess of the minimum jurisdictional limits of this Court.

35.    Specifically, the Defendant was required under both the Deed of Trust and the Texas Property Code to provide Plaintiff with a written Notice of Default and Opportunity to Cure notice as expressly required under paragraph 22 of the Deed of Trust and TEX. PROP. CODE §51.002(d), and failed to provide such notice and the 30-day period within which to cure the default before accelerating the Loan and posting the property for foreclosure sale, and such

Copy from re:SearchTX

failure to provide said notice constitutes a material breach of the Deed of Trust and a failure of condition precedent that must occur before the power of sale provision in the Deed of Trust can be exercised, and is a producing cause of the actual damages sustained and incurred by Plaintiff in excess of the minimum jurisdictional limits of this Court.

36.     Further, since Plaintiff was not provided with the required notice of default and opportunity to cure notice, Plaintiff has also been denied his right to reinstate after acceleration as set forth in paragraph 19 of the Deed of Trust since he has no information as to the exact amount to cure the default (reinstate), which is another separate and distinct breach of the Deed of Trust contract, and a producing cause of the actual damages sustained and incurred by Plaintiff in excess of the minimum jurisdictional limits of this Court.

### VII.

### THIRD CAUSE OF ACTION –
### COMMON LAW FRAUD

37.     Plaintiff hereby incorporates by reference and realleges all material allegations of fact set forth in Section IV, V and VI above as if fully set forth herein.

38.     The acts conduct and/or omissions of the Defendant as described herein, *supra*, also constitute common law fraud and are a producing cause of the actual damages sustained and incurred in excess of the minimum jurisdictional limits of this Court.

39.     Specifically, the Defendant's representatives led Plaintiff to believe that they would work with him concerning repayment of the loan, but instead of actually working with Plaintiff or provide him with any relief or assistance of any kind, instead the Defendant proceeded to accelerate the Loan and post Plaintiff's homestead property for foreclosure sale, without ever providing Plaintiff with any promised relief or repayment plan, or even bothering to cancel the foreclosure and review the loan modification application that he was told to submit,

Copy from re:SearchTX

which false representations Plaintiff relied upon to his detriment, and which are a producing cause of the actual damages sustained and incurred by Plaintiff in excess of the minimum jurisdictional limits of this Court.

40.    As each of the acts, conduct and/or omissions of the Defendant as described herein that constitute common law fraud and were committed intentionally, knowingly, and/or with malice, or a conscious indifference as to the rights of Plaintiff, Plaintiff is entitled to and hereby seeks an award of exemplary damages in excess of the minimum jurisdictional limits of this Court.

## VIII.

### FOURTH CAUSE OF ACTION - VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

41.    Plaintiff hereby incorporate by reference and realleges all material allegations of act set forth in Sections IV, V, VI, and VII above as if fully set forth herein.

42.    The acts, conduct and/or omissions of the Defendant, which at all times was acting in its capacity as a "debt collector collecting the debt of another that was past due when it began servicing" of failing, neglecting, or refusing to ever provide Plaintiff with any required Notice of Default and Opportunity to Cure notice as required under the express terms of the Deed of Trust and TEX. PROP. CODE §51.002(d) prior to acceleration and posting of his homestead property for foreclosure sale, and of failing to provide him with any details of how much was actually claimed due and owing, and refusing to accept his tender of payments without providing any such notice, each constitute the intentional and/or knowing misrepresentation of the character, amount or extent of the debt to be collected in violation of the Texas Debt Collection Act, TEX. FIN. CODE §392.001 et seq., and is a producing cause of the actual damages sustained and incurred by Plaintiff in excess of the minimum jurisdictional limits of this Court.

Copy from re:SearchTX

43.    Specifically, the acts, conduct, or omissions of the Defendant constitute violations of the following provisions of the Texas Debt Collection Act: §392.301(a)(8) - threatening to take an action prohibited by law; and §392.304(a)(8) – misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer's debt status in a judicial or governmental proceeding; and §392.304(a)(19) – using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer, and which violations are a producing cause of the actual damages sustained and incurred by Plaintiff in excess of the minimum jurisdictional limits of this Court.

44.    As each of the acts, conduct, and/or omissions of the Defendants as described herein that constitute violations of the Texas Debt Collection Act and were committed intentionally, knowingly and/or with malice, or a conscious indifference as to the rights of Plaintiff, Plaintiff is entitled to and hereby seeks an award of exemplary damages in excess of the minimum jurisdictional limits of this Court.

## IX.

## EXEMPLARY DAMAGES

45.    Plaintiff hereby incorporates by reference and realleges all material allegations of fact set forth in Sections IV, V, VI, VII, and VIII above as if fully set forth herein.

46.    Plaintiff would further show that the various acts, conduct and/or omissions of each of the Defendant complained of herein were committed knowingly, willfully, intentionally, and with actual awareness, and with the specific and pre-determined intention of enriching said Defendant at the expense of Plaintiff. In order to punish said Defendant for such unconscionable overreaching and to deter such actions and/or omissions in the future, Plaintiff also seeks

Copy from re:SearchTX

recovery from Defendant for exemplary damages as provided by Section 41.003(a)(1) of the Texas Civil Practice and Remedies Code.

## X.

## ATTORNEY'S FEES

47.    Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Section 37.001 et seq. of the Texas Civil Practices and Remedies Code, (b) the Texas Debt Collection Act, Tex. Fin. Code §392.001 et seq., and (c) common law.

## XI.

## JURY DEMAND

48.    Plaintiff hereby requests that all issues of fact be tried before a jury.

## XII.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Dan Boettcher, respectfully prays that the Defendant be cited to appear and answer herein, and that Plaintiff be granted immediate relief in the form of a temporary restraining order and temporary injunction preventing the Defendant, and/or any of its respective agents, employees, attorneys, trustees, substitute trustees, successors and/or assigns from foreclosing or attempting to foreclose upon Plaintiff's homestead property as described herein until the merits of his various claims and causes of action pleaded herein may be fairly adjudicated; and that upon the final trial of this cause, that judgment be entered in favor of Plaintiff, and against Defendant, for breach of

---

Plaintiff's Original Verified Petition, etc. – Dan Boettcher                    Page 13

Copy from re:SearchTX

contract and failure of condition precedent, for common law fraud, and for violations of the Texas Debt Collection Act, and for an award of all economic and actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, including exemplary damages, together with pre-judgment and post-judgment interest at the maximum rate allowed by law, and for an award of all attorney's fees and costs of court incurred, and for such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**J. GANNON HELSTOWSKI LAW FIRM**

*/s/ John G. Helstowski*

John G. Helstowski
Texas State Bar No. 24078653
5209 Heritage Ave., Suite 510
Colleyville, TX 76034
Telephone: (817) 382-3125
Facsimile: (817) 382-1799
Email: jgh@jghfirm.com
Attorney for Plaintiff Dan Boettcher

Copy from re:SearchTX

## VERIFICATION

STATE OF TEXAS                    §
                                  §
COUNTY OF Henderson               §


"My name is Dan Herman Boettcher in the Plaintiff named in the attached and foregoing PLAINTIFF'S ORIGINAL VERIFIED PETITION. I am over the age of 21 years and have never been convicted of a felony or other crime involving moral turpitude. I have personal knowledge of all of the facts set forth in the PLAINTIFF'S ORIGINAL PETITION and hereby state that every factual statement set forth therein is true and correct.

FURTHER AFFIANT SAYETH NOT."

EXECUTED this 26 day of September, 2022.



_____      Dan Herman Boettcher
Signature                    Print


**SUBSCRIBED AND SWORN BEFORE ME** on this 24 day of September, 2022, by Client, to certify which witness my hand and official seal.

_____
Notary Public in and for the State of Texas

Marisol Rojas
_____
Printed Name of Notary Public

My Commission Expires on: April 13, 2026

(seal)

MARISOL ROJAS
Notary Public
STATE OF TEXAS
ID# 129760846
My Comm. Exp. Apr. 13, 2026

*J. Gannon Helstowski Law Firm P.C.*

Copy from re:SearchTX

VOL     PAGE
2549    742        0011477

#2053335

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

## WARRANTY DEED WITH VENDOR'S LIEN

STATE OF TEXAS             §

                                          KNOW ALL MEN BY THESE PRESENTS:

COUNTY OF HENDERSON        §

THAT THE UNDERSIGNED, **PAUL WAYNE SHEWBIRT**, a single person, hereinafter called "Grantor", whether one or more, for and in consideration of the sum of TEN AND NO/100 ($10.00) DOLLARS and other valuable consideration to the undersigned in hand paid by the Grantee herein named, the receipt of which is hereby acknowledged, and the further consideration of the execution and delivery by the Grantee of that one certain promissory note of even date herewith in the principal sum of TWO HUNDRED THIRTY TWO THOUSAND AND NO/100 DOLLARS ($232,000.00), payable to the order of ARGENT MORTGAGE COMPANY, LLC ("Lender"), as therein specified, providing for acceleration of maturity and for attorney's fees, the payment of which note is secured by the vendor's lien herein retained, and is additionally secured by a deed of trust of even date herewith to LAWRENCE YOUNG, TRUSTEE, has GRANTED, SOLD AND CONVEYED, and by these presents does GRANT, SELL AND CONVEY unto **DAN BOETTCHER and wife, SHEILA BOETTCHER**, whose mailing address is: _____, herein referred to as the "Grantee", whether one or more, the real property described as follows, to-wit:

SEE "EXHIBIT A" ATTACHED HERETO AND
MADE A PART HEREOF FOR ALL PURPOSES

SAVE AND EXCEPT all mineral interests in the above described land that are outstanding in persons other than Grantor herein, as reflected by the records in the office of the County Clerk of Henderson County, Texas.

This conveyance, however, is made and accepted subject to any and all restrictions, encumbrances, easements, covenants and conditions, if any, relating to the hereinabove described property as the same are filed for record in the County Clerk's Office of Henderson County, Texas.

TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging, unto the said Grantee, Grantee's heirs, executors, administrators, successors and/or assigns forever; and Grantor does hereby bind Grantor and Grantor's heirs, executors, administrators, successors and/or assigns to WARRANT AND FOREVER DEFEND all and singular the said premises unto the said Grantee, Grantee's heirs, executors, administrators, successors and/or assigns, against every person whomsoever claiming or to claim the same or any part thereof.

But it is expressly agreed that the Vendor's Lien, as well as Superior Title in and to the above described premises, is retained against the above described property, premises and improvements until the above described note and all interest thereon are fully paid according to the face, tenor, effect and reading thereof, when this Deed shall become absolute. THAT Lender, at the instance and request of the Grantee herein, having advanced and paid in cash to the Grantor herein that portion of the purchase price of the herein described property as is evidenced by the hereinabove described Note, the Vendor's Lien, together with the Superior Title to said property, is retained herein for the benefit of said Lender and the same are hereby TRANSFERRED AND ASSIGNED to said Lender, its successors and assigns.



Page 1 of 2

VOL    PAGE
2549    743

EXECUTED this 14th day of June, 2005.

PAUL WAYNE SHEWBIRT

STATE OF TEXAS          §

COUNTY OF SMITH       §

    The foregoing instrument was acknowledged before me on the 14th day of June, 2005, by **PAUL WAYNE SHEWBIRT.**

NOTARY PUBLIC, STATE OF TEXAS
PRINTED NAME OF NOTARY

MY COMMISSION EXPIRES: _____

AFTER RECORDING RETURN TO:

Dan Boettcher and wife, Sheila Boettcher
_____

JUDY C. FOX
Notary Public
STATE OF TEXAS
My Comm. Exp. 6-27-2007

Copy from re:SearchTX

VOL          PAGE
2549          744

# EXHIBIT A

Being 8.000 acres of land situated in the B. S. COY SURVEY, A-137, Henderson County, Texas and being part of a called 9.958 acre tract of land described in a deed from Kimberly Dawn Shewbirt to Paul Wayne Shewbirt as recorded in Volume 2379, Page 626 of the Real Property Records of Henderson County, Texas and being further described by metes and bounds as follows:

BEGINNING at a 1/2" iron rod found for the southwest corner of said 9.958 acre tract, being the northwest corner of a called 9.975 acre tract as described in Volume 1114, Page 478 of said deed records and being in the east right of way line of F. M. Highway No. 314 and being in a curve northeasterly to the left;

THENCE with the west line of said 9.958 acre tract, with said right of way line and with said curve to the left whose Delta Angle = 02° 40' 50", Tangent = 56.16 feet, Radius = 2400.00 feet, Chord = N 07° 05' 16" E - 112.27 feet an arc length of 112.28 feet to a 1/2" iron rod set;

THENCE E cutting across said 9.958 acre tract, a distance of 632.2 feet to a 1/2" iron rod set;

THENCE N cutting across said 9.958 acre tract, a distance of 136.06 feet to a 1/2" iron rod set in the north line of said 9.958 acre tract, being in the south line of a called 9.975 acre tract described in Volume 897, Page 660 of said deed records and being in or near the north line of said Coy Survey and in or near the south line of the J. McGregor Survey, A-547;

THENCE E with the north line of said 9.958 acre tract and with the south line of said 9.975 acre tract, a distance of 1120.71 feet to a 1/2" iron rod found for the northeast corner of said 9.958 acre tract being the southeast corner of said 9.975 acre tract and being in the west line of a called 63.000 acre tract as described in Volume 436, Page 219 of said deed records;

THENCE S 00° 05' 19" W with the east line of said 9.958 acre tract and with the west line of said 63.000 acre tract, a distance of 247.48 feet to a 1/2" iron rod found for the southeast corner of said 9.958 acre tract, being the northeast corner of a called 9.975 acre tract as described in Volume 974, Page 442 of said deed records;

THENCE N 89° 59' 59" W with the south line of said 9.958 acre tract, with the north line of said 9.975 acre tract in Volume 974, Page 442 and with the north line of said 9.975 acre tract in Volume 1114, Page 478, a distance of 1766.42 feet back to the **PLACE OF BEGINNING AND CONTAINING 8.000 ACRES OF LAND.**

FILED FOR RECORD

2005 JUN 28  PM 1:41

GWEN KOFFEIT
COUNTY CLERK
HENDERSON COUNTY, TEXAS

Copy from re:SearchTX

VOL 2657   PAGE 180

P.18

0009922

FILED BY Henderson
FIDELITY NATIONAL TITLE

74008293

MAY-25-2006  19:24

After Recording Return To:

HOME FUNDS DIRECT, A DIVISION OF ACCREDITED HOME
LENDERS, INC., A CALIFORNIA CORPORATION
16550 WEST BERNARDO DRIVE, BLDG 1
SAN DIEGO, CALIFORNIA 92127-1870

RETURN TO BRANCH
Fidelity National Title
Greenspoint Office
363 N. Sam Houston Pkwy. East, Ste. 110
Houston, TX 77060

[Space Above This Line For Recording Data]

Loan Number ██████4152
MIN: ██████████41521

## DEED OF TRUST

### DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A)** "Security Instrument" means this document, which is dated **MAY 25, 2006**, together with all Riders to this document.
**(B)** "Borrower" is **DAN BOETTCHER AND WIFE, SHEILA BOETTCHER**. Borrower is the grantor under this Security Instrument.
**(C)** "Lender" is **HOME FUNDS DIRECT, A DIVISION OF ACCREDITED HOME LENDERS, INC., A CALIFORNIA CORPORATION**. Lender is a **CORPORATION** organized and existing under the laws of **THE STATE OF CALIFORNIA**. Lender's address is **15090 AVENUE OF SCIENCE, SAN DIEGO, CALIFORNIA 92128**. Lender includes any holder of the Note who is entitled to receive payments under the Note.
**(D)** "Trustee" is **THOMAS E. BLACK, JR.** Trustee's address is **2905 CORPORATE CIRCLE, FLOWER MOUND, TEXAS 75028**.
**(E)** "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security Instrument**. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
**(F)** "Note" means the promissory note signed by Borrower and dated **MAY 25, 2006**. The Note states that Borrower owes Lender **TWO HUNDRED FIFTY-ONE THOUSAND AND 00/100ths** Dollars (U.S. **$251,000.00**) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than **JUNE 1, 2036**.
**(G)** "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
**(H)** "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

Borrower Initials

**TEXAS--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**   Form 3044 1/01 (rev. 12/03) *(page 1 of 12 pages)*

EXHIBIT
B

Copy from re:SearchTX

| VOL | PAGE |
|-----|------|
| 2657 | 181 |

(I) "**Riders**" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider ☐ Condominium Rider ☐ Second Home Rider

☐ Balloon Rider ☐ Planned Unit Development Rider

☐ 1-4 Family Rider ☐ Biweekly Payment Rider ☒ Renewal and Extension Addendum

(J) "**Applicable Law**" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(K) "**Community Association Dues, Fees, and Assessments**" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(L) "**Electronic Funds Transfer**" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(M) "**Escrow Items**" means those items that are described in Section 3.

(N) "**Miscellaneous Proceeds**" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(O) "**Mortgage Insurance**" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(P) "**Periodic Payment**" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(Q) "**RESPA**" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(R) "**Successor in Interest of Borrower**" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

**TRANSFER OF RIGHTS IN THE PROPERTY**

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the _____County_____ of _____HENDERSON_____:

[Type of Recording Jurisdiction]          [Name of Recording Jurisdiction]

**SEE EXHIBIT "A" ATTACHED HERETO AND INCORPORATED HEREIN FOR ALL PURPOSES**

which currently has the address of __13672 FM 1314 NORTH__

__BROWNSBORO_____, Texas _____75756_____ ("Property Address"):

[Street]

[City]          [Zip Code]

Borrower Initials _____

**TEXAS**—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3044 1/01 (rev. 12/03) *(page 2 of 12 pages)*

Copy from re:SearchTX

VOL 2657    PAGE 182

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. **Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless

Borrower Initials

TEXAS--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3044 1/01 (rev. 12/03) *(page 3 of 12 pages)*

Copy from re:SearchTX

VOL  PAGE

2657  183

Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

Borrower Initials

TEXAS--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3044  1/01 (rev. 12/03) *(page 4 of 12 pages)*

Copy from re:SearchTX

VOL         PAGE

2657        184

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. Occupancy. Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. Preservation, Maintenance and Protection of the Property; Inspections. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

Borrower Initials ___

TEXAS–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                      Form 3044  1/01 (rev. 12/03) (page 5 of 12 pages)

Copy from re:SearchTX

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

Borrower Initials

**TEXAS--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**          Form 3044 1/01 (rev. 12/03) *(page 6 of 12 pages)*

Copy from re:SearchTX

MAY-25-2006 19:26

VOL          PAGE

2657        186

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

**11. Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

Borrower Initials

**TEXAS**—Single Family—Fannie Mae/Freddie Mac **UNIFORM INSTRUMENT**

Form 3044  1/01 (rev. 12/03) (page 7 of 12 pages)

Copy from re:SearchTX

VOL       PAGE

2657      187

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

Borrower Initials

**TEXAS--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**          Form 3044  1/01 (rev. 12/03) *(page 8 of 12 pages)*

Copy from re:SearchTX

VOL     PAGE

2657     188

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower Initials

**TEXAS--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**          Form 3044  1/01 (rev. 12/03) (page 9 of 12 pages)

Copy from re:SearchTX

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence. For the purposes of this Section 22, the term "Lender" includes any holder of the Note who is entitled to receive payments under the Note.

If Lender invokes the power of sale, Lender or Trustee shall give notice of the time, place and terms of sale by posting and filing the notice at least 21 days prior to sale as provided by Applicable Law. Lender shall mail a copy of the notice to Borrower in the manner prescribed by Applicable Law. Sale shall be made at public vendue. The sale must begin at the time stated in the notice of sale or not later than three hours after that time and between the hours of 10 a.m. and 4 p.m. on the first Tuesday of the month. Borrower authorizes Trustee to sell the Property to the highest bidder for cash in one or more parcels and in any order Trustee determines. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying indefeasible title to the Property with covenants of general warranty from Borrower. Borrower covenants and agrees to defend generally the purchaser's title to the Property against all claims and demands. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Property is sold pursuant to this Section 22, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

23. Release. Upon payment of all sums secured by this Security Instrument, Lender shall provide a release of this Security Instrument to Borrower or Borrower's designated agent in accordance with Applicable Law. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. Substitute Trustee; Trustee Liability. All rights, remedies and duties of Trustee under this Security Instrument may be exercised or performed by one or more trustees acting alone or together. Lender, at its option and with or without cause, may from time to time, by power of attorney or otherwise, remove or substitute any trustee, add one or more trustees, or appoint a successor trustee to any Trustee without the necessity of any formality other than a designation by Lender in writing. Without any further act or conveyance of the Property the substitute, additional or successor trustee shall become vested with the title, rights, remedies, powers and duties conferred upon Trustee herein and by Applicable Law.

Trustee shall not be liable if acting upon any notice, request, consent, demand, statement or other document believed by Trustee to be correct. Trustee shall not be liable for any act or omission unless such act or omission is willful.

Borrower Initials

TEXAS--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3044  1/01 (rev. 12/03) (page 10 of 12 pages)

Copy from re:SearchTX

VOL   PAGE

2657   190

**25. Subrogation.** Any of the proceeds of the Note used to take up outstanding liens against all or any part of the Property have been advanced by Lender at Borrower's request and upon Borrower's representation that such amounts are due and are secured by valid liens against the Property. Lender shall be subrogated to any and all rights, superior titles, liens and equities owned or claimed by any owner or holder of any outstanding liens and debts, regardless of whether said liens or debts are acquired by Lender by assignment or are released by the holder thereof upon payment.

**26. Partial Invalidity.** In the event any portion of the sums intended to be secured by this Security Instrument cannot be lawfully secured hereby, payments in reduction of such sums shall be applied first to those portions not secured hereby.

**27. Purchase Money; Owelty of Partition; Renewal and Extension of Liens Against Homestead Property; Acknowledgment of Cash Advanced Against Non-Homestead Property.**

**Check box as applicable:**

☐ **Purchase Money.**
    The funds advanced to Borrower under the Note were used to pay all or part of the purchase price of the Property. The Note also is primarily secured by the vendor's lien retained in the deed of even date with this Security Instrument conveying the Property to Borrower, which vendor's lien has been assigned to Lender, this Security Instrument being additional security for such vendor's lien.

☐ **Owelty of Partition.**
    The Note represents funds advanced by Lender at the special instance and request of Borrower for the purpose of acquiring the entire fee simple title to the Property and the existence of an owelty of partition imposed against the entirety of the Property by a court order or by a written agreement of the parties to the partition to secure the payment of the Note is expressly acknowledged, confessed and granted.

☐ **Renewal and Extension of Liens Against Homestead Property.**
    The Note is in renewal and extension, but not in extinguishment, of the indebtedness described on the attached Renewal and Extension Exhibit which is incorporated by reference. Lender is expressly subrogated to all rights, liens and remedies securing the original holder of a note evidencing Borrower's indebtedness and the original liens securing the indebtedness are renewed and extended to the date of maturity of the Note in renewal and extension of the indebtedness.

☐ **Acknowledgment of Cash Advanced Against Non-Homestead Property.**
    The Note represents funds advanced to Borrower on this day at Borrower's request and Borrower acknowledges receipt of such funds. Borrower states that Borrower does not now and does not intend ever to reside on, use in any manner, or claim the Property secured by this Security Instrument as a business or residential homestead. Borrower disclaims all homestead rights, interests and exemptions related to the Property.

**28. Loan Not a Home Equity Loan.** The Loan evidenced by the Note is not an extension of credit as defined by Section 50(a)(6) or Section 50(a)(7), Article XVI, of the Texas Constitution. If the Property is used as Borrower's residence, then Borrower agrees that Borrower will receive no cash from the Loan evidenced by the Note and that any advances not necessary to purchase the Property, extinguish an owelty lien, complete construction, or renew and extend a prior lien against the Property, will be used to reduce the balance evidenced by the Note or such Loan will be modified to evidence the correct Loan balance, at Lender's option. Borrower agrees to execute any documentation necessary to comply with this Section 28.

Borrower Initials _____

TEXAS--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT       Form 3044  1/01 (rev. 12/03) *(page 11 of 12 pages)*

Copy from re:SearchTX

VOL **2657**     PAGE **191**

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

........................................(Seal)
**DAN BOETTCHER**                    -Borrower

........................................(Seal)
**SHEILA BOETTCHER**                    -Borrower

........................................(Seal)
                    -Borrower

........................................(Seal)
                    -Borrower

——————————— [Space Below This Line For Acknowledgment] ———————————

State of **TEXAS**                                    )
County of ~~HENDERSON~~ Smith                )
    This instrument was acknowledged before me on May 25, 2006 by DAN BOETTCHER AND WIFE, SHEILA BOETTCHER.
(Seal)

My commission expires:
May 1, 2010



Notary Public, State of TEXAS
Notary's typed or printed name: Peggy Black

TEXAS--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT        Form 3044  1/01 (rev. 12/03) *(page 12 of 12 pages)*

PEGGY BLACK
My Commission Expires
May 1, 2010

Copy from re:SearchTX

P.30                          96%              VOL      PAGE        MAY-25-2006  19:28

**2657      192**

## RENEWAL AND EXTENSION ADDENDUM TO DEED OF TRUST

### DATED MAY 25, 2006.

**FOR THE BENEFIT OF: HOME FUNDS DIRECT, A DIVISION OF ACCREDITED HOME LENDERS, INC., A CALIFORNIA CORPORATION**

This Note is given in renewal and extension of the following described promissory note(s) and all of the liens, rights, assignments and security interests securing them that are created, made or granted by the following described instruments, all upon and against the herein described real property, which said note(s) and lien(s) are hereby expressly acknowledged by Grantor to be valid and subsisting lien(s) against the property herein described; and it is expressly stipulated and agreed that said lien(s) are hereby renewed, extended and continued in full force and effect to secure the payment of the Note hereby secured and Beneficiary herein or its assigns are duly subrogated to all rights, powers and equities of the original holder of said Note.

**EXECUTED BY: DAN BOETTCHER AND SHEILA BOETTCHER**

**First Note**

| | |
|---|---|
| Date: | 06-14-05 |
| Original Amount: | $232,000.00 |
| Payee: | ARGENT MORTGAGE COMPANY, LLC |

Note and Lien(s) are described in the instrument(s) recorded in the following Volumes and Pages of the Real Property Records of HENDERSON County, Texas:

**VOLUME 2549, PAGE 745**

SIGNED FOR IDENTIFICATION:

DAN BOETTCHER                    SHEILA BOETTCHER

Copy from re:SearchTX

May-03-06  09:54am   From-EAST TEXAS TITLE COMPANY          +9036751275          T-659   P.08/16   F-184

VOL          PAGE

2657          193

## COMMITMENT FOR TITLE INSURANCE

### SCHEDULE A (Continued)

8.00 ACRES OF LAND MORE OR LESS THAT IS DESCRIBED ON THE NEXT PAGE OF THIS COMMITMENT
AND MADE A PART HEREOF FOR ALL PURPOSES. COMPANY DOES NOT INSURE THAT THE SURVEYOR'S
COMPUTATION OF ACREAGE IS ACCURATE.



Copy from re:SearchTX

May-03-06  09:54am   From-EAST TEXAS  TITLE COMPANY          T-803010121U

VOL          PAGE
2657         .194

Being 8.000 acres of land situated in the B. S. COY SURVEY, A-137, Henderson County, Texas and being part of a called 9.958 acre tract of land described in a deed from Kimberly Dawn Shewbirt to Paul Wayne Shewbirt as recorded in Volume 2379, Page 626 of the Real Property Records of Henderson County, Texas and being further described by metes and bounds as follows:

BEGINNING at a 1/2" iron rod found for the southwest corner of said 9.958 acre tract, being the northwest corner of a called 9.975 acre tract as described in Volume 1114, Page 478 of said deed records and being in the east right of way line of F. M. Highway No. 314 and being in a curve northeasterly to the left; .

THENCE with the west line of said 9.958 acre tract, with said right of way line and with said curve to the left whose Delta Angle = 02° 40' 50", Tangent = 56.16 feet, Radius = 2400.00 feet, Chord = N 07° 05' 16" E - 112.27 feet an arc length of 112.28 feet to a 1/2" iron rod set;

THENCE E cutting across said 9.958 acre tract, a distance of 632.2 feet to a 1/2" iron rod set;

THENCE N cutting across said 9.958 acre tract, a distance of 136.06 feet to a 1/2" iron rod set in the north line of said 9.958 acre tract, being in the south line of a called 9.975 acre tract described in Volume 897, Page 660 of said deed records and being in or near the north line of said Coy Survey and in or near the south line of the J. McGregor Survey, A-547;

THENCE E with the north line of said 9.958 acre tract and with the south line of said 9.975 acre tract, a distance of 1120.71 feet to a 1/2" iron rod found for the northeast corner of said 9.958 acre tract being the southeast corner of said 9.975 acre tract and being in the west line of a called 63.000 acre tract as described in Volume 436, Page 219 of said deed records;

THENCE S 00° 05' 19" W with the east line of said 9.958 acre tract and with the west line of said 63.000 acre tract, a distance of 247.48 feet to a 1/2" iron rod found for the southeast corner of said 9.958 acre tract, being the northeast corner of a called 9.975 acre tract as described in Volume 974, Page 442 of said deed records;

THENCE N 89° 59' 59" W with the south line of said 9.958 acre tract, with the north line of said 9.975 acre tract in Volume 974, Page 442 and with the north line of said 9.975 acre tract in Volume 1114, Page 478, a distance of 1766.42 feet back to the PLACE OF BEGINNING AND CONTAINING 8.000 ACRES OF LAND.

FILED FOR RECORD

2006 JUN -6  PM 3: 10

GWEN MOFFETT
COUNTY CLERK
HENDERSON COUNTY, TEXAS

RECORDER'S MEMORANDUM
ALL OR PARTS OF THE TEXT ON THIS PAGE
WAS NOT CLEARLY LEGIBLE FOR SATISFACTORY
RECORDATION

Copy from re:SearchTX

**ODSM, CLOSED**

## United States Bankruptcy Court
## Eastern District of Texas (Tyler)
## Bankruptcy Petition #: 08-60282

*Date filed:* 03/31/2008
*Date terminated:* 03/11/2009
*Date dismissed:* 09/10/2008
*341 meeting:* 05/06/2008

*Assigned to:* Chief Judge Bill Parker
Chapter 13
Voluntary
Asset

*Debtor*
**Dan Herman Boettcher**
13672 FM 314 N
Brownsboro, TX 75756
HENDERSON-TX
SSN / ITIN: xxx-xx-3358

represented by **Gordon Mosley**
Law Offices of Gordon Mosley
4411 Old Bullard Rd
Ste 602
Tyler, TX 75703
903-534-5396
Email: gmosley@suddenlinkmail.com

*Debtor*
**Sheila Paulette Boettcher**
13672 FM 314 N
Brownsboro, TX 75756
HENDERSON-TX
SSN / ITIN: xxx-xx-0752

represented by **Gordon Mosley**
(See above for address)

*Trustee*
**Ronald E. Stadtmueller.**
Plaza Tower
110 North College, 12th Floor
Tyler, TX 75702
903-593-7777

*U.S. Trustee*
**US Trustee**
Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702
(903) 590-1450



| Filing Date | # | Docket Text |
|---|---|---|
| 03/31/2008 | 1 (58 pgs) | Chapter 13 Voluntary Petition and Notice to Individual Consumer Debtors, Schedules A-J, Statements, Matrix, and other required documents(Uploaded electronically). filed by Gordon Mosley on behalf of Dan Herman Boettcher, Sheila Paulette Boettcher. Document Due 4/7/2008. (Mosley, Gordon) (Entered: 03/31/2008) |
| 03/31/2008 | 2 (8 pgs) | Chapter 13 Plan filed by Gordon Mosley on behalf of Dan Herman Boettcher, Sheila Paulette Boettcher. (Mosley, Gordon) (Entered: |

Copy from re:SearchTX

| | | |
|---|---|---|
| | | 03/31/2008) |
| 03/31/2008 | <u>3</u><br>(1 pg) | Certificate of Credit Counseling for Debtor Filed by on behalf of Dan Herman Boettcher, Sheila Paulette Boettcher (Mosley, Gordon) (Entered: 03/31/2008) |
| 03/31/2008 | <u>4</u><br>(1 pg) | Certificate of Credit Counseling for Joint Debtor Filed by on behalf of Dan Herman Boettcher, Sheila Paulette Boettcher (Mosley, Gordon) (Entered: 03/31/2008) |
| 03/31/2008 | <u>5</u><br>(1 pg) | CORRECTIVE ENTRY: AMOUNT CHARGED $3500.00, AMOUNT PAID $5.00 PER ATTY. OFFICE. Disclosure of Compensation of Attorney for Debtor Amount Charged $ 5.00 Amount Paid $ 3,495.00 Filed by Dan Herman Boettcher, Sheila Paulette Boettcher (Mosley, Gordon) Modified on 4/1/2008 (dd, ). (Entered: 03/31/2008) |
| 03/31/2008 | | Receipt of Chapter 13 Voluntary Petition, All Schedules & Statements (fee)-case upload(08-60282) [caseupld,1305u] ( 274.00) filing fee. Receipt number 4032893, amount $ 274.00. (U.S. Treasury) (Entered: 03/31/2008) |
| 04/01/2008 | <u>6</u><br>(1 pg) | Amended Disclosure of Compensation by Attorney For Debtor. Amount Charged $ 3,500.00. Amount Paid $ 5.00. Filed by Dan Herman Boettcher, Sheila Paulette Boettcher (Mosley, Gordon) (Entered: 04/01/2008) |
| 04/02/2008 | | Declaration for Electronic Filing In Re: *(RE: related document(s)1 Chapter 13 Voluntary Petition and Notice to Individual Consumer Debtors, Schedules A-J, Statements, Matrix, and other required documents(Uploaded electronically). filed by Gordon Mosley on behalf of Dan Herman Boettcher, Sheila Paulette Boettcher. Document Due 4/7/2008. (Mosley, Gordon) filed by Debtor Dan Herman Boettcher, Debtor Sheila Paulette Boettcher).* (bd, ) (Entered: 04/02/2008) |
| 04/10/2008 | | Meeting of Creditors Filed by Ronald E. Stadtmueller. 341(a) meeting to be held on 5/6/2008 at 02:00 PM at Chapter 13 Tyler 341. Proofs of Claims due by 8/4/2008. Last day to oppose dischargeability is 7/7/2008. Confirmation hearing to be held on 6/11/2008 at 09:30 AM at Plaza Tower Courtroom. (Stadtmueller, Ronald) (Entered: 04/10/2008) |
| 04/13/2008 | <u>7</u><br>(6 pgs) | BNC Certificate of Mailing - Notice of Meeting of Creditors. *(RE: related document(s) Meeting of Creditors Filed by Ronald E. Stadtmueller. 341(a) meeting to be held on 5/6/2008 at 02:00 PM at Chapter 13 Tyler 341. Proofs of Claims due by 8/4/2008. Last day to oppose dischargeability is 7/7/2008. Confirmation hearing to be held on 6/11/2008 at 09:30 AM at Plaza Tower Courtroom. (Stadtmueller, Ronald) filed by Trustee Ronald E. Stadtmueller.).* Service Date 04/13/2008. (Admin.) (Entered: 04/14/2008) |
| 04/21/2008 | <u>8</u><br>(1 pg) | Notice of Appearance by (Attorney: Gregory A. Balcom) Filed by The CIT Group/Consumer Finance, Inc. (Balcom, Gregory) (Entered: 04/21/2008) |
| 05/06/2008 | <u>9</u><br>(1 pg) | Amended Disclosure of Compensation by Attorney For Debtor. Amount Charged $ 3,500.00. Amount Paid $ 5.00. Filed by Dan Herman Boettcher, Sheila Paulette Boettcher (Mosley, Gordon) (Entered: 05/06/2008) |
| 05/07/2008 | <u>10</u><br>(3 pgs; 2 docs) | Motion for Entry of Order Directed to Employer of Debtor: Dan Herman Borttcher Filed by Dan Herman Boettcher, Sheila Paulette Boettcher (Attachments: <u>1</u> Order) (Mosley, Gordon) (Entered: 05/07/2008) |

| | | |
|---|---|---|
| 05/07/2008 | | Meeting of Creditors Held & Concluded On May 6, 2008 . (Stadtmueller, Ronald) (Entered: 05/07/2008) |
| 05/08/2008 | 11<br>(2 pgs) | Notice of Appearance by (Attorney: Stephen Wilcox) Filed by DaimlerChrysler Financial Services Americas L.L.C. (Wilcox, Stephen) (Entered: 05/08/2008) |
| 05/09/2008 | 12<br>(1 pg) | Order Granting Motion for Entry of Order Directed to Debtor's Employer *(RE: related document(s)10 Motion for Entry of Order Directed to Employer of Debtor: Dan Herman Borttcher Filed by Dan Herman Boettcher, Sheila Paulette Boettcher (Attachments: # 1 Order) (Mosley, Gordon) filed by Debtor Dan Herman Boettcher, Debtor Sheila Paulette Boettcher).* (bd, ) (Entered: 05/09/2008) |
| 05/11/2008 | 13<br>(3 pgs) | Certificate Of Mailing *(RE: related document(s)12 Order Granting Motion for Entry of Order Directed to Debtor's Employer (RE: related document(s)10 Motion for Entry of Order Directed to Employer of Debtor: Dan Herman Borttcher Filed by Dan Herman Boettcher, Sheila Paulette Boettcher (Attachments: # 1 Order) (Mosley, Gordon) filed by Debtor Dan Herman Boettcher, Debtor Sheila Paulette Boettcher).* (bd, )). Service Date 05/11/2008. (Admin.) (Entered: 05/12/2008) |
| 05/19/2008 | 14<br>(4 pgs) | Financial Management Course Certificate Filed by Dan Herman Boettcher, Sheila Paulette Boettcher (Mosley, Gordon) (Entered: 05/19/2008) |
| 05/30/2008 | 15<br>(6 pgs) | Trustee's Confirmation Report, Witness and Exhibit List. (Stadtmueller, Ronald) (Entered: 05/30/2008) |
| 06/11/2008 | 16<br>(2 pgs) | Order Denying Confirmation of Chapter 13 Plan & Setting 30 - Day Dismissal Deadline For Filing New Chapter 13 Plan; and setting final dismissal deadline pertaining to plan confirmation. Plan due on 7/11/2008. (vh, ) (Entered: 06/11/2008) |
| 06/13/2008 | 17<br>(36 pgs; 6 docs) | Motion for Relief from Automatic Stay With Waiver of 30-Day Hearing Requirement As To 13672 FM 1314 North, Brownsboro, Texas 75756 Filed by The CIT Group/Consumer Finance, Inc. (Attachments: 1 Certificate of Service2 Notice of Motion for Relief From Stay3 Order Granting Motion for Relief4 Affidavit in Support of the Motion5 Loan Documents) (Balcom, Gregory) (Entered: 06/13/2008) |
| 06/13/2008 | | Receipt of Motion for Relief From Automatic Stay(08-60282) [motion,mrlfsty] ( 150.00) filing fee. Receipt number 4187103, amount $ 150.00. (U.S. Treasury) (Entered: 06/13/2008) |
| 06/13/2008 | 18<br>(4 pgs) | Certificate Of Mailing *(RE: related document(s)16 Order Denying Confirmation of Chapter 13 Plan & Setting 30 - Day Dismissal Deadline For Filing New Chapter 13 Plan; and setting final dismissal deadline pertaining to plan confirmation. Plan due on 7/11/2008. (vh, )).* Service Date 06/13/2008. (Admin.) (Entered: 06/14/2008) |
| 06/18/2008 | 19<br>(5 pgs; 2 docs) | Chapter 13 Trustee's Motion to Dismiss Case for Failure to Make Plan Payments and Setting Hearing *With Prejudice for 120 Days* Filed by Ronald E. Stadtmueller. Hearing scheduled for 7/17/2008 at 10:00 AM at Plaza Tower Courtroom. (Attachments: 1 Proposed Order)(Stadtmueller, Ronald) (Entered: 06/18/2008) |

Copy from re:SearchTX

| | | |
|---|---|---|
| 06/21/2008 | <u>20</u><br>(3 pgs) | Certificate Of Mailing *(RE: related document(s)<u>19</u> Chapter 13 Trustee's Motion to Dismiss Case for Failure to Make Plan Payments and Setting Hearing With Prejudice for 120 Days Filed by Ronald E. Stadtmueller. Hearing scheduled for 7/17/2008 at 10:00 AM at Plaza Tower Courtroom. (Attachments: # 1 Proposed Order)(Stadtmueller, Ronald) filed by Trustee Ronald E. Stadtmueller.).* Service Date 06/21/2008. (Admin.) (Entered: 06/22/2008) |
| 06/26/2008 | <u>21</u><br>(2 pgs) | Objection Filed by Dan Herman Boettcher, Sheila Paulette Boettcher *(RE: related document(s)<u>17</u> Motion for Relief from Automatic Stay With Waiver of 30-Day Hearing Requirement As To 13672 FM 1314 North, Brownsboro, Texas 75756 Filed by The CIT Group/Consumer Finance, Inc. (Attachments: # 1 Certificate of Service# 2 Notice of Motion for Relief From Stay# 3 Order Granting Motion for Relief# 4 Affidavit in Support of the Motion# 5 Loan Documents) (Balcom, Gregory) filed by Creditor The CIT Group/Consumer Finance, Inc.).* (Mosley, Gordon) (Entered: 06/26/2008) |
| 06/30/2008 | | FINAL Hearing Set (RE: related document(s)<u>17</u> Motion for Relief from Automatic Stay With Waiver of 30-Day Hearing Requirement As To 13672 FM 1314 North, Brownsboro, Texas 75756 Filed by The CIT Group/Consumer Finance, Inc. Final Hearing scheduled for 7/17/2008 at 02:00 PM at Plaza Tower Courtroom. (ct. ) (Entered: 06/30/2008) |
| 07/01/2008 | <u>22</u><br>(1 pg) | Notice of Appearance by (Attorney: Laurie Spindler) Filed by Brownsboro ISD (Spindler, Laurie) (Entered: 07/01/2008) |
| 07/02/2008 | <u>23</u><br>(3 pgs) | Certificate Of Mailing *(RE: related document(s) FINAL Hearing Set (RE: related document(s)<u>17</u> Motion for Relief from Automatic Stay With Waiver of 30-Day Hearing Requirement As To 13672 FM 1314 North, Brownsboro, Texas 75756 Filed by The CIT Group/Consumer Finance, Inc. Final Hearing scheduled for 7/17/2008 at 02:00 PM at Plaza Tower Courtroom. (ct. )).* Service Date 07/02/2008. (Admin.) (Entered: 07/03/2008) |
| 07/10/2008 | <u>24</u><br>(9 pgs; 3 docs) | Amended Chapter 13 Plan Filed by Dan Herman Boettcher, Sheila Paulette Boettcher (Attachments: <u>1</u> matrix<u>2</u> cert of service)(Mosley, Gordon) (Entered: 07/10/2008) |
| 07/11/2008 | <u>25</u><br>(3 pgs; 2 docs) | Motion to Vacate Order Directed to Employer of Debtor and to Substitute a New Order Directed to Employer of Debtor In Re: Dan Boettcher Filed by Ronald E. Stadtmueller. *(RE: related document(s)<u>12</u> Order on Motion to Pay Wages, ).* (Attachments: <u>1</u> Proposed Order) (Stadtmueller., Ronald) (Entered: 07/11/2008) |
| 07/15/2008 | <u>26</u><br>(1 pg) | Order Granting Motion to Vacate/Substitute New Order Directed to Debtor's Employer *(RE: related document(s)<u>25</u> Motion to Vacate Order Directed to Employer of Debtor and to Substitute a New Order Directed to Employer of Debtor In Re: Dan Boettcher Filed by Ronald E. Stadtmueller. (RE: related document(s)<u>12</u> Order on Motion to Pay Wages, ). (Attachments: # 1 Proposed Order) (Stadtmueller., Ronald) filed by Trustee Ronald E. Stadtmueller.).* (bd, ) (Entered: 07/15/2008) |
| 07/16/2008 | | Proposed Agreed Order or Judgment Submitted Prior to Hearing RE: <u>17</u> Motion for Relief From Automatic Stay UPLOADED 2008-07-16 15:05:37.0 (Entered: 07/16/2008) |

| 07/17/2008 | 27 (3 pgs) | Certificate Of Mailing *(RE: related document(s)26 Order Granting Motion to Vacate/Substitute New Order Directed to Debtor's Employer (RE: related document(s)25 Motion to Vacate Order Directed to Employer of Debtor and to Substitute a New Order Directed to Employer of Debtor In Re: Dan Boettcher Filed by Ronald E. Stadtmueller. (RE: related document(s)12 Order on Motion to Pay Wages. ). (Attachments: # 1 Proposed Order) (Stadtmueller., Ronald) filed by Trustee Ronald E. Stadtmueller.). (bd, )).* Service Date 07/17/2008. (Admin.) (Entered: 07/18/2008) |
| 07/17/2008 | | FINAL Evidentiary Hearing Scheduled by Court *(RE: related document(s)17 Motion for Relief from Automatic Stay With Waiver of 30-Day Hearing Requirement As To 13672 FM 1314 North, Brownsboro, Texas 75756 Filed by The CIT Group/Consumer Finance, Inc.* Evidentiary Hearing scheduled by Court for 8/13/2008 at 02:00 PM at Plaza Tower Courtroom. (ct, ) (Entered: 07/18/2008) |
| 07/17/2008 | | Hearing Continued *(RE: related document(s)19 Chapter 13 Trustee's Motion to Dismiss Case for Failure to Make Plan Payments and Setting Hearing With Prejudice for 120 Days Filed by Ronald E. Stadtmueller.* Hearing scheduled for 8/13/2008 at 10:00 AM at Plaza Tower Courtroom. (ct, ) (Entered: 07/23/2008) |
| 07/18/2008 | | NOTICE OF HEARING OF CONFIRMATION ON AMENDED CHAPTER 13 PLAN. ANY OBJECTION TO CONFIRMATION MUST BE FILED NO LATER THAN SEVEN (7) DAYS PRIOR TO CONFIRMATION HEARING. Confirmation hearing to be held on 9/10/2008 at 09:30 AM at Plaza Tower Courtroom. (ct, ) (Entered: 07/18/2008) |
| 07/20/2008 | 28 (3 pgs) | Certificate Of Mailing *(RE: related document(s) NOTICE OF HEARING OF CONFIRMATION ON AMENDED CHAPTER 13 PLAN. ANY OBJECTION TO CONFIRMATION MUST BE FILED NO LATER THAN SEVEN (7) DAYS PRIOR TO CONFIRMATION HEARING. Confirmation hearing to be held on 9/10/2008 at 09:30 AM at Plaza Tower Courtroom. (ct, )).* Service Date 07/20/2008. (Admin.) (Entered: 07/21/2008) |
| 08/05/2008 | 29 (1 pg) | Notice of Appearance by (Attorney: Michael Reed) Filed by Henderson County (Reed, Michael) (Entered: 08/05/2008) |
| 08/06/2008 | 30 (2 pgs) | Objection to Confirmation of Plan Filed by Henderson County *(RE: related document(s)24 Amended Chapter 13 Plan Filed by Dan Herman Boettcher, Sheila Paulette Boettcher (Attachments: # 1 matrix# 2 cert of service)(Mosley, Gordon) filed by Debtor Dan Herman Boettcher, Debtor Sheila Paulette Boettcher).* (Reed, Michael) (Entered: 08/06/2008) |
| 08/13/2008 | | Hearing Not Held: Motion Withdrawn. *(RE: related document(s)19 Chapter 13 Trustee's Motion to Dismiss Case for Failure to Make Plan Payments and Setting Hearing With Prejudice for 120 Days Filed by Ronald E. Stadtmueller.* (ct, ) (Entered: 08/13/2008) |
| 08/13/2008 | | FINAL Hearing Continued *(RE: related document(s)17 Motion for Relief from Automatic Stay With Waiver of 30-Day Hearing Requirement As To 13672 FM 1314 North, Brownsboro, Texas 75756 Filed by The CIT Group/Consumer Finance, Inc.* Final Hearing scheduled for 9/10/2008 at 02:00 PM at Plaza Tower Courtroom. (ct, ) (Entered: 08/13/2008) |

Copy from re:SearchTX

| 08/14/2008 | 31<br>(12 pgs; 4 docs) | Motion for Relief from Automatic Stay With Waiver of 30-Day Hearing Requirement As To 2006 Chrysler Town and Country Filed by DaimlerChrysler Financial Services Americas L.L.C. (Attachments: 1 contract and title2 affidavit and payment history3 order) (Wilcox, Stephen) (Entered: 08/14/2008) |
|---|---|---|
| 08/14/2008 | | Receipt of Motion for Relief From Automatic Stay(08-60282) [motion,mrlfsty] ( 150.00) filing fee. Receipt number 4299836, amount $ 150.00. (U.S. Treasury) (Entered: 08/14/2008) |
| 08/27/2008 | 32<br>(14 pgs; 4 docs) | Exhibit and/or Witness List Filed by The CIT Group/Consumer Finance, Inc. (RE: related document(s)17 Motion for Relief from Automatic Stay With Waiver of 30-Day Hearing Requirement As To 13672 FM 1314 North, Brownsboro, Texas 75756 Filed by The CIT Group/Consumer Finance, Inc. (Attachments: 1 Certificate of Service2 Notice of Motion for Relief From Stay3 Order Granting Motion for Relief# 4 Affidavit in Support of the Motion# 5 Loan Documents) (Balcom, Gregory) filed by Creditor The CIT Group/Consumer Finance, Inc.). (Attachments: 1 Certificate of Service2 Exhibit A3 Exhibit B) (Balcom, Gregory) (Entered: 08/27/2008) |
| 08/28/2008 | 33<br>(2 pgs) | Notice of Transfer of Claim in the amount of $1863.45 Claim Number 3 To PHARIA L.L.C.C O WEINSTEIN AND RILEY, PS2001 WESTERN AVENUE, STE 400SEATTLE, WA 98121 Filed by PHARIA L.L.C. (Ralston, Richard) (Entered: 08/28/2008) |
| 08/31/2008 | 34<br>(2 pgs) | Certificate Of Mailing (RE: related document(s)33 Notice of Transfer of Claim in the amount of $1863.45 Claim Number 3 To PHARIA L.L.C.C O WEINSTEIN AND RILEY, PS2001 WESTERN AVENUE, STE 400SEATTLE, WA 98121 Filed by PHARIA L.L.C. (Ralston, Richard) filed by Creditor PHARIA L.L.C.). Service Date 08/31/2008. (Admin.) (Entered: 09/01/2008) |
| 09/02/2008 | 35<br>(6 pgs) | Amended Trustee's Confirmation Report, Witness and Exhibit List. (Stadtmueller, Ronald) (Entered: 09/02/2008) |
| 09/04/2008 | 36<br>(1 pg) | Order Granting Motion for Relief from Stay (RE: related document(s)31 Motion for Relief from Automatic Stay With Waiver of 30-Day Hearing Requirement As To 2006 Chrysler Town and Country Filed by DaimlerChrysler Financial Services Americas L.L.C. (Attachments: # 1 contract and title# 2 affidavit and payment history# 3 order) (Wilcox, Stephen) filed by Creditor DaimlerChrysler Financial Services Americas L.L.C.). (bd, ) (Entered: 09/04/2008) |
| 09/06/2008 | 37<br>(3 pgs) | Certificate Of Mailing (RE: related document(s)36 Order Granting Motion for Relief from Stay ). Service Date 09/06/2008. (Admin.) (Entered: 09/07/2008) |
| 09/09/2008 | 38<br>(4 pgs; 2 docs) | Amended Application for Administrative Expenses by Chapter 13 Debtor's Attorney Filed by Dan Herman Boettcher, Sheila Paulette Boettcher (Attachments: 1 Proposed Order) (Mosley, Gordon) Modified text to read "Amended" to reflect pdf on 9/10/2008 (bd). (Entered: 09/09/2008) |
| 09/10/2008 | 39<br>(3 pgs) | Order Dismissing Chapter 13 Case with Prejudice for 120 Days with Retention of Jurisdiction. (RE: related document(s)38 Amended Application for Administrative Expenses by Chapter 13 Debtor's Attorney |

| | | |
|---|---|---|
| | | *Filed by Dan Herman Boettcher, Sheila Paulette Boettcher . filed by Debtor Dan Herman Boettcher, Debtor Sheila Paulette Boettcher).* (vh) (Entered: 09/10/2008) |
| 09/10/2008 | | Due To The Fact That An Order Of Dismissal Was Entered In This Case On 9/10/08 The Following Pleadings Are Moot And Therefore Have Been Terminated: *(RE: related document(s)17 Motion for Relief from Automatic Stay With Waiver of 30-Day Hearing Requirement As To 13672 FM 1314 North, Brownsboro, Texas 75756 Filed by The CIT Group/Consumer Finance, Inc. filed by Creditor The CIT Group/Consumer Finance, Inc.).* (vh) (Entered: 09/10/2008) |
| 09/12/2008 | 40 (5 pgs) | Certificate Of Mailing *(RE: related document(s)39 Order Dismissing Case).* Service Date 09/12/2008. (Admin.) (Entered: 09/13/2008) |
| 11/26/2008 | 41 (1 pg) | Order Granting Application for Administrative Expenses *(RE: related document(s)38 Amended Application for Administrative Expenses by Chapter 13 Debtor's Attorney Filed by Dan Herman Boettcher, Sheila Paulette Boettcher (Attachments: # 1 Proposed Order) (Mosley, Gordon) Modified text to read "Amended" to reflect pdf on 9/10/2008 (bd). filed by Debtor Dan Herman Boettcher, Debtor Sheila Paulette Boettcher).* (nj) (Entered: 11/26/2008) |
| 11/28/2008 | 42 (2 pgs) | Certificate Of Mailing *(RE: related document(s)41 Order Granting Application for Administrative Expenses (RE: related document(s)38 Amended Application for Administrative Expenses by Chapter 13 Debtor's Attorney Filed by Dan Herman Boettcher, Sheila Paulette Boettcher (Attachments: # 1 Proposed Order) (Mosley, Gordon) Modified text to read "Amended" to reflect pdf on 9/10/2008 (bd). filed by Debtor Dan Herman Boettcher, Debtor Sheila Paulette Boettcher). (nj)).* Service Date 11/28/2008. (Admin.) (Entered: 11/29/2008) |
| 02/04/2009 | 43 (2 pgs) | Chapter 13 Trustee's Final Report and Account Filed by Ronald E. Stadtmueller. (Stadtmueller, Ronald) (Entered: 02/04/2009) |
| 02/08/2009 | 44 (3 pgs) | Notice of Filing of Chapter 13 Final Report and Account and BNC Certificate of Mailing - *(RE: related document(s)43 Chapter 13 Trustee's Final Report and Account Filed by Ronald E. Stadtmueller. (Stadtmueller, Ronald) filed by Trustee Ronald E. Stadtmueller.).* Service Date 02/08/2009. (Admin.) (Entered: 02/09/2009) |
| 03/11/2009 | | Bankruptcy Case Closed (nj) (Entered: 03/11/2009) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/27/2022 12:03:54 | | |
| **PACER Login:** | ➡ | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 08-60282 Fil or Ent: filed From: 9/27/2000 To: 9/27/2022 Doc From: 0 |

Copy from re:SearchTX

| | | | Doc To: 99999999 Term: included Format: html Page counts for documents: included |
|---|---|---|---|
| **Billable Pages:** | 6 | **Cost:** | 0.60 |

Copy from re:SearchTX

## United States Bankruptcy Court
## Eastern District of Texas (Tyler)
## Bankruptcy Petition #: 13-60002

*Assigned to:* Chief Judge Bill Parker
Chapter 13
Voluntary
Asset

*Date filed:* 01/01/2013
*Date terminated:* 02/18/2014
*Debtor dismissed:* 10/23/2013
*Plan confirmed:* 05/24/2013
*341 meeting:* 02/04/2013

*Debtor disposition:* Dismissed for failure to make plan payments

**Debtor**
**Dan H. Boettcher**
13672 FM 314 N
Brownsboro, TX 75756
HENDERSON-TX
SSN / ITIN: xxx-xx-3358
*aka* **Dan Herman Boettcher**

represented by **Amy Bates Ames**
Ames Law Firm, PLLC
5806 Woodglen Dr
Tyler, TX 75703
903-445-6564
Fax : 1-903-598-7961 efax
Email: ameslawfirm@gmail.com

**Trustee**
**John Talton.**
Plaza Tower
110 N. College Ave, 12 Floor
Tyler, TX 75702
903-593-7777

**U.S. Trustee**
**US Trustee**
Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702
(903) 590-1450



| Filing Date | # | Docket Text |
|---|---|---|
| 01/01/2013 | 1<br>(5 pgs) | Chapter 13 Voluntary Petition. Without Schedules, Statements, and all other required documents Without PlanFiled by Dan H. Boettcher Document Due 01/7/2013. Atty Disclosure Statement due 1/15/2013. Chapter 13 Plan due by 1/15/2013. Schedules A-J due 1/15/2013. Statement of Financial Affairs due 1/15/2013. Summary of schedules due 1/15/2013.Means Test Form Due: 1/15/2013. Incomplete Filings due by 1/15/2013.(Ames, Amy) (Entered: 01/01/2013) |
| 01/01/2013 | 2<br>(2 pgs) | Certificate of Credit Counseling for Debtor Filed by Dan H. Boettcher (Ames, Amy) (Entered: 01/01/2013) |
| 01/01/2013 | 3 | Notice to Individual Consumer Debtor Under Sec. 342(b) of the |

Copy from re:SearchTX

| | (3 pgs) | Bankruptcy Code Filed by Dan H. Boettcher (Ames, Amy) (Entered: 01/01/2013) |
|---|---|---|
| 01/01/2013 | <u>4</u><br>(3 pgs; 2 docs) | Application to Pay Filing Fee in Installments . Filed by Dan H. Boettcher (Attachments: # <u>1</u> Proposed Order) (Ames, Amy) (Entered: 01/01/2013) |
| 01/01/2013 | | Matrix (Uploaded Electronically) Filed by Dan H. Boettcher Document Due 01/7/2013. (Ames, Amy) (Entered: 01/01/2013) |
| 01/02/2013 | | Meeting of Creditors Filed by John Talton. 341(a) meeting to be held on 2/4/2013 at 11:00 AM at Chapter 13 Tyler 341. Proofs of Claims due by 5/6/2013. Last day to oppose dischargeability is 4/8/2013. Confirmation hearing to be held on 3/20/2013 at 09:30 AM at Plaza Tower Courtroom. (Talton., John) (Entered: 01/02/2013) |
| 01/02/2013 | | Government Proof of Claim Deadline Updated: Government Proof of Claim due by 7/1/2013. (dd) (Entered: 01/02/2013) |
| 01/02/2013 | | Receipt of Voluntary Petition (Chapter 13)(13-60002) [misc,volp13a] ( 75.00) filing fee. Receipt number 7455909, amount $ 75.00. (U.S. Treasury) (Entered: 01/02/2013) |
| 01/02/2013 | <u>5</u><br>(1 pg) | Order Granting Application to Pay Filing Fees in Installments. Receipt Number 7455909, Fee Amount $75.00. *(RE: related document(s)<u>4</u> Application to Pay Filing Fee in Installments . Filed by Dan H. Boettcher (Attachments: # 1 Proposed Order) (Ames, Amy) filed by Debtor Dan H. Boettcher).* First Installment Payment due by 2/1/2013. Second Installment Payment due by 3/1/2013. Final Installment Payment due by 4/1/2013. (dd) (Entered: 01/02/2013) |
| 01/04/2013 | <u>6</u><br>(5 pgs) | BNC Certificate of Mailing - Notice of Meeting of Creditors. *(RE: related document(s) Meeting of Creditors Filed by John Talton. 341(a) meeting to be held on 2/4/2013 at 11:00 AM at Chapter 13 Tyler 341. Proofs of Claims due by 5/6/2013. Last day to oppose dischargeability is 4/8/2013. Confirmation hearing to be held on 3/20/2013 at 09:30 AM at Plaza Tower Courtroom. (Talton., John) filed by Trustee John Talton.).* Notice Date 01/04/2013. (Admin.) (Entered: 01/05/2013) |
| 01/04/2013 | <u>7</u><br>(3 pgs) | Certificate Of Mailing *(RE: related document(s)<u>5</u> Order Granting Application to Pay Filing Fees in Installments. Receipt Number 7455909, Fee Amount $75.00. (RE: related document(s)<u>4</u> Application to Pay Filing Fee in Installments . Filed by Dan H. Boettcher (Attachments: # 1 Proposed Order) (Ames, Amy) filed by Debtor Dan H. Boettcher). First Installment Payment due by 2/1/2013. Second Installment Payment due by 3/1/2013. Final Installment Payment due by 4/1/2013. (dd)).* Notice Date 01/04/2013. (Admin.) (Entered: 01/05/2013) |
| 01/15/2013 | <u>8</u><br>(3 pgs; 2 docs) | Motion to Extend Time to File Schedules, Statements and Other Required Documents Filed by Dan H. Boettcher (Attachments: # <u>1</u> Proposed Order) (Ames, Amy) (Entered: 01/15/2013) |
| 01/15/2013 | | Declaration for Electronic Filing In Re: *(RE: related document(s)<u>1</u> Chapter 13 Voluntary Petition. Without Schedules, Statements, and all other required documents Without PlanFiled by Dan H. Boettcher Document Due 01/7/2013. Atty Disclosure Statement due 1/15/2013. Chapter 13 Plan due by 1/15/2013. Schedules A-J due 1/15/2013. Statement of Financial Affairs due 1/15/2013. Summary of schedules due* |

Copy from re:SearchTX

| | | |
|---|---|---|
| | | *1/15/2013.Means Test Form Due: 1/15/2013. Incomplete Filings due by 1/15/2013.(Ames, Amy) filed by Debtor Dan H. Boettcher, Matrix (Uploaded Electronically) Filed by Dan H. Boettcher Document Due 01/7/2013. (Ames, Amy) filed by Debtor Dan H. Boettcher.* (vh) (Entered: 01/15/2013) |
| 01/17/2013 | [9](#) (1 pg) | Order Granting Motion to Extend Time to File Schedules, Statements and Other Required Documents (Initial Request) *(RE: related document(s)8 Motion to Extend Time to File Schedules, Statements and Other Required Documents filed by Dan H. Boettcher (Attachments: # 1 Proposed Order) (Ames, Amy) filed by Debtor Dan H. Boettcher).* Schedules A-J due 1/25/2013. Chapter 13 Plan due by 1/25/2013. (bd) (Entered: 01/17/2013) |
| 01/17/2013 | [10](#) (27 pgs) | Original Schedules: Schedule A, Schedule B, Schedule C, Schedule D, Schedule E, Schedule F, Schedule G, Schedule H, Schedule I, Schedule J,. Filed by Dan H. Boettcher Document Due 01/22/2013. (Ames, Amy) (Entered: 01/17/2013) |
| 01/17/2013 | [11](#) (6 pgs) | Statement of Financial Affairs Filed by Dan H. Boettcher *(RE: related document(s)1 Chapter 13 Voluntary Petition. Without Schedules, Statements, and all other required documents Without PlanFiled by Dan H. Boettcher Document Due 01/7/2013. Atty Disclosure Statement due 1/15/2013. Chapter 13 Plan due by 1/15/2013. Schedules A-J due 1/15/2013. Statement of Financial Affairs due 1/15/2013. Summary of schedules due 1/15/2013.Means Test Form Due: 1/15/2013. Incomplete Filings due by 1/15/2013.(Ames, Amy) filed by Debtor Dan H. Boettcher).* Document Due 01/22/2013. (Ames, Amy) (Entered: 01/17/2013) |
| 01/17/2013 | [12](#) (8 pgs) | Chapter 13 Statement of Current Monthly and Disposable Income Filed by Dan H. Boettcher Document Due 01/22/2013. (Ames, Amy) (Entered: 01/17/2013) |
| 01/17/2013 | [13](#) (6 pgs; 2 docs) | Chapter 13 Plan Filed by Dan H. Boettcher *(RE: related document(s)1 Chapter 13 Voluntary Petition. Without Schedules, Statements, and all other required documents Without PlanFiled by Dan H. Boettcher Document Due 01/7/2013. Atty Disclosure Statement due 1/15/2013. Chapter 13 Plan due by 1/15/2013. Schedules A-J due 1/15/2013. Statement of Financial Affairs due 1/15/2013. Summary of schedules due 1/15/2013.Means Test Form Due: 1/15/2013. Incomplete Filings due by 1/15/2013.(Ames, Amy) filed by Debtor Dan H. Boettcher, 9 Order Granting Motion to Extend Time to File Schedules, Statements and Other Required Documents (Initial Request) (RE: related document(s)8 Motion to Extend Time to File Schedules, Statements and Other Required Documents filed by Dan H. Boettcher (Attachments: # 1 Proposed Order) (Ames, Amy) filed by Debtor Dan H. Boettcher). Schedules A-J due 1/25/2013. Chapter 13 Plan due by 1/25/2013. (bd)).* (Attachments: # [1](#) Service List)(Ames, Amy) (Entered: 01/17/2013) |
| 01/19/2013 | [14](#) (3 pgs) | Certificate Of Mailing *(RE: related document(s)9 Order Granting Motion to Extend Time to File Schedules, Statements and Other Required Documents (Initial Request) (RE: related document(s)8 Motion to Extend Time to File Schedules, Statements and Other Required Documents Filed by Dan H. Boettcher (Attachments: # 1 Proposed Order) (Ames, Amy) filed by Debtor Dan H. Boettcher). Schedules A-J due 1/25/2013. Chapter 13 Plan due by 1/25/2013. (bd)).* Notice Date 01/19/2013. (Admin.) (Entered: 01/20/2013) |
| 01/25/2013 | | Declaration for Electronic Filing In Re: *(RE: related document(s)10* |

9/27/22, 12:04 PM
Case 6:22-cv-00428-JDK    Document 3    Filed 11/03/22    Page 45 of 63 PageID #: 157
TXEB Live NextGen v1.6.x

| | | |
|---|---|---|
| | | *Original Schedules: Schedule A, Schedule B, Schedule C, Schedule D, Schedule E, Schedule F, Schedule G, Schedule H, Schedule I, Schedule J.. Filed by Dan H. Boettcher Document Due 01/22/2013. (Ames, Amy) filed by Debtor Dan H. Boettcher,* 11 *Statement of Financial Affairs Filed by Dan H. Boettcher (RE: related document(s)1 Chapter 13 Voluntary Petition. Without Schedules, Statements, and all other required documents Without PlanFiled by Dan H. Boettcher Document Due 01/7/2013. Atty Disclosure Statement due 1/15/2013. Chapter 13 Plan due by 1/15/2013. Schedules A-J due 1/15/2013. Statement of Financial Affairs due 1/15/2013. Summary of schedules due 1/15/2013.Means Test Form Due: 1/15/2013. Incomplete Filings due by 1/15/2013.(Ames, Amy) filed by Debtor Dan H. Boettcher). Document Due 01/22/2013. (Ames, Amy) filed by Debtor Dan H. Boettcher,* 12 *Chapter 13 Statement of Current Monthly and Disposable Income Filed by Dan H. Boettcher Document Due 01/22/2013. (Ames, Amy) filed by Debtor Dan H. Boettcher). (vh) (Entered: 01/25/2013)* |
| 02/04/2013 | | Meeting of Creditors Held & Concluded On 2/4/13 . (Talton., John) (Entered: 02/04/2013) |
| 02/04/2013 | 15 (1 pg) | Notice of Missing Documents to Individual Debtor (vh) (Entered: 02/04/2013) |
| 02/05/2013 | 16 (1 pg) | Notice of Appearance by (Attorney: Laurie Spindler Huffman) Filed by Brownsboro ISD (Huffman, Laurie) (Entered: 02/05/2013) |
| 02/05/2013 | 17 (1 pg) | Notice of Appearance by (Attorney: Lee Gordon) Filed by Henderson County (Gordon, Lee) (Entered: 02/05/2013) |
| 02/06/2013 | 18 (3 pgs) | Certificate Of Mailing *(RE: related document(s)15 Notice of Missing Documents to Individual Debtor (vh)).* Notice Date 02/06/2013. (Admin.) (Entered: 02/07/2013) |
| 02/13/2013 | 19 (8 pgs) | Chapter 13 Plan *-Amended* Filed by Dan H. Boettcher (Ames, Amy) (Entered: 02/13/2013) |
| 02/14/2013 | | Receipt of Second Installment Payment. Receipt Number 60027600, Fee Amount: $ 75.00 *(RE: related document(s)5 Order Granting Application to Pay Filing Fees in Installments. Receipt Number 7455909, Fee Amount $75.00. (RE: related document(s)4 Application to Pay Filing Fee in Installments . Filed by Dan H. Boettcher (Attachments: # 1 Proposed Order) (Ames, Amy) filed by Debtor Dan H. Boettcher). First Installment Payment due by 2/1/2013. Second Installment Payment due by 3/1/2013. Final Installment Payment due by 4/1/2013. (dd)).* (dd) (Entered: 02/14/2013) |
| 02/14/2013 | 20 (1 pg) | Financial Management Course Certificate Filed by Dan H. Boettcher (vh) (Entered: 02/14/2013) |
| 02/15/2013 | 21 (1 pg) | Financial Management Course Certificate Filed by Dan H. Boettcher (Ames, Amy) (Entered: 02/15/2013) |
| 03/07/2013 | 22 (6 pgs) | Trustee's Confirmation Report, Witness and Exhibit List. (Talton., John) (Entered: 03/07/2013) |
| 03/08/2013 | | Hearing to Show Cause as to Why this Bankruptcy Case should not be Dismissed for Failure to Pay Filing Fee Installments. Hearing scheduled |

| | | for 3/20/2013 at 09:30 AM at Plaza Tower Courtroom. (ct) (Entered: 03/08/2013) |
|---|---|---|
| 03/10/2013 | **23**<br>(3 pgs) | Certificate Of Mailing *(RE: related document(s) Hearing to Show Cause as to Why this Bankruptcy Case should not be Dismissed for Failure to Pay Filing Fee Installments. Hearing scheduled for 3/20/2013 at 09:30 AM at Plaza Tower Courtroom. (ct)).* Notice Date 03/10/2013. (Admin.) (Entered: 03/11/2013) |
| 03/14/2013 | | Receipt of Third Installment Payment. Receipt Number 60027614, Fee Amount: $ 75.00 (dd) (Entered: 03/14/2013) |
| 03/14/2013 | **24**<br>(9 pgs; 2 docs) | Amended Chapter 13 Plan Filed by Dan H. Boettcher *(RE: related document(s)19 Chapter 13 Plan -Amended Filed by Dan H. Boettcher (Ames, Amy) filed by Debtor Dan H. Boettcher).* (Attachments: # 1 Service List)(Ames, Amy) (Entered: 03/14/2013) |
| 03/14/2013 | **25**<br>(4 pgs; 2 docs) | Amended Schedules Filed: Schedule I, Schedule J, Amendment: Amend Budget Filed by Dan H. Boettcher Document Due 03/19/2013. (Attachments: # 1 Service List) (Ames, Amy) (Entered: 03/14/2013) |
| 03/18/2013 | | Declaration for Electronic Filing In Re: *(RE: related document(s)25 Amended Schedules Filed: Schedule I, Schedule J, Amendment: Amend Budget Filed by Dan H. Boettcher Document Due 03/19/2013. (Attachments: # 1 Service List) (Ames, Amy) filed by Debtor Dan H. Boettcher).* (vh) (Entered: 03/18/2013) |
| 03/20/2013 | | Confirmation Hearing Continued/Rescheduled. Confirmation hearing to be held on 5/22/2013 at 09:30 AM at Plaza Tower Courtroom. Continuance Counts as Initial Denial. (ct) (Entered: 03/20/2013) |
| 04/03/2013 | | Receipt of Final Installment Payment. Receipt Number 60027628, Fee Amount: $ 56.00 *(RE: related document(s)5 Order Granting Application to Pay Filing Fees in Installments. Receipt Number 7455909, Fee Amount $75.00. (RE: related document(s)4 Application to Pay Filing Fee in Installments . Filed by Dan H. Boettcher (Attachments: # 1 Proposed Order) (Ames, Amy) filed by Debtor Dan H. Boettcher). First Installment Payment due by 2/1/2013. Second Installment Payment due by 3/1/2013. Final Installment Payment due by 4/1/2013. (dd)).* (dd) (Entered: 04/03/2013) |
| 04/03/2013 | | Receipt of Chapter 13 Installment Filing Fee - $56.00 by Dan Boettcher. Receipt Numer 60027628 entered by DD. (porderauto) (Entered: 04/03/2013) |
| 05/09/2013 | **26**<br>(6 pgs) | Trustee's Confirmation Report, Witness and Exhibit List. (Talton., John) (Entered: 05/09/2013) |
| 05/20/2013 | **27**<br>(1 pg) | Debtor's Certification Under Penalty of Perjury Regarding Status of Post Petition Obligations as of Chapter 13 Plan Confirmation Hearing. Filed by Dan H. Boettcher (Ames, Amy) (Entered: 05/20/2013) |
| 05/20/2013 | **28**<br>(2 pgs) | Disclosure of Compensation of Attorney for Debtor Amount Charged $ Amount Paid $ Filed by Dan H. Boettcher (Ames, Amy) (Entered: 05/20/2013) |

| 05/20/2013 | 29<br>(3 pgs; 2 docs) | Amended Schedules Filed: Schedule D, Amendment: Filed by Dan H. Boettcher Document Due 05/28/2013. (Attachments: # 1 Notice of Change in Schedules) (Ames, Amy) (Entered: 05/20/2013) |
| --- | --- | --- |
| 05/21/2013 | | *Declaration for Electronic Filing In Re: (RE: related document(s)29 Amended Schedules Filed: Schedule D, Amendment: Filed by Dan H. Boettcher Document Due 05/28/2013. (Attachments: # 1 Notice of Change in Schedules) filed by Debtor Dan H. Boettcher).* (vh) (Entered: 05/21/2013) |
| 05/22/2013 | | Plan Confirmation Hearing Held: Plan Confirmed - Order To Be Submitted in 14 Days by the Chapter 13 Trustee. Order Due 6/5/2013. (ct) (Entered: 05/22/2013) |
| 05/24/2013 | | Trustee's Proposed Confirmation Orders RE: 24 Amended Chapter 13 Plan UPLOADED 2013-05-24 10:11 (Entered: 05/24/2013) |
| 05/24/2013 | 30<br>(5 pgs) | *Order Confirming Chapter 13 Plan (RE: related document(s)24 Amended Chapter 13 Plan Filed by Dan H. Boettcher (RE: related document(s)19 Chapter 13 Plan -Amended Filed by Dan H. Boettcher (Ames, Amy) filed by Debtor Dan H. Boettcher). (Attachments: # 1 Service List) filed by Debtor Dan H. Boettcher). Chapter 13 Plan Start Date 5/24/2013.* (vh) (Entered: 05/24/2013) |
| 05/28/2013 | 31<br>(3 pgs; 2 docs) | Certificate of Service *(RE: related document(s)30 Order Confirming Chapter 13 Plan (RE: related document(s)24 Amended Chapter 13 Plan Filed by Dan H. Boettcher (RE: related document(s)19 Chapter 13 Plan - Amended Filed by Dan H. Boettcher (Ames, Amy) filed by Debtor Dan H. Boettcher). (Attachments: # 1 Service List) filed by Debtor Dan H. Boettcher). Chapter 13 Plan Start Date 5/24/2013. (vh)).* Filed by John Talton. (Attachments: # 1 Service List)(Talton., John) (Entered: 05/28/2013) |
| 07/05/2013 | 32<br>(57 pgs; 5 docs) | Motion for Relief from Automatic Stay AND Co-Debtor Stay As To: With Waiver of 30-Day Hearing Requirement As To 13672 FM 1314 North, Brownsboro TX 75756 Filed by Caliber Home Loans, Inc. f/k/a Vericrest Financial, Inc. (Attachments: # 1 Exhibit Note # 2 Exhibit DOT # 3 Affidavit Exhibit C # 4 Proposed Order) (Williams, Jonathan) (Entered: 07/05/2013) |
| 07/05/2013 | | Receipt of Motion for Relief From Automatic Stay and Co-Debtor Stay(13-60002) [motion,mrlfstco] ( 176.00) filing fee. Receipt number 7821518, amount $ 176.00. (U.S. Treasury) (Entered: 07/05/2013) |
| 07/19/2013 | 33<br>(2 pgs) | Objection Filed by Dan H. Boettcher, Sheila Paulette Boettcher *(RE: related document(s)32 Motion for Relief from Automatic Stay AND Co-Debtor Stay As To: With Waiver of 30-Day Hearing Requirement As To 13672 FM 1314 North, Brownsboro TX 75756 Filed by Caliber Home Loans, Inc. f/k/a Vericrest Financial, Inc. (Attachments: # 1 Exhibit Note # 2 Exhibit DOT # 3 Affidavit Exhibit C # 4 Proposed Order) filed by Creditor Caliber Home Loans, Inc. f/k/a Vericrest Financial, Inc.).* (Ames, Amy) (Entered: 07/19/2013) |
| 07/22/2013 | | FINAL Hearing Set *(RE: related document(s)32 Motion for Relief from Automatic Stay AND Co-Debtor Stay As To: With Waiver of 30-Day Hearing Requirement As To 13672 FM 1314 North, Brownsboro TX 75756 Filed by Caliber Home Loans, Inc. f/k/a Vericrest Financial, Inc. Final* |

Copy from re:SearchTX

| | | Hearing scheduled for 8/21/2013 at 02:00 PM at Plaza Tower Courtroom. (ct) (Entered: 07/22/2013) |
|---|---|---|
| 07/24/2013 | [34](3 pgs) | Certificate Of Mailing *(RE: related document(s)32 Motion for Relief from Automatic Stay AND Co-Debtor Stay As To: With Waiver of 30-Day Hearing Requirement As To 13672 FM 1314 North, Brownsboro TX 75756 Filed by Caliber Home Loans, Inc. f/k/a Vericrest Financial, Inc. Final Hearing scheduled for 8/21/2013 at 02:00 PM at Plaza Tower Courtroom. (ct)).* Notice Date 07/24/2013. (Admin.) (Entered: 07/25/2013) |
| 08/15/2013 | | Proposed Agreed Order or Judgment Submitted Prior to Hearing RE: [32](RE: related document(s)32) Motion for Relief From Automatic Stay and Co-Debtor Stay UPLOADED 2013-08-15 16:27 (Entered: 08/15/2013) |
| 08/16/2013 | [35](5 pgs) | Agreed Order Conditioning Motion for Relief from Automatic Stay and Co-Debtor Stay *(RE: related document(s)32 Motion for Relief from Automatic Stay AND Co-Debtor Stay As To: With Waiver of 30-Day Hearing Requirement As To 13672 FM 1314 North, Brownsboro TX 75756 Filed by Caliber Home Loans, Inc. f/k/a Vericrest Financial, Inc. (Attachments: # 1 Exhibit Note # 2 Exhibit DOT # 3 Affidavit Exhibit C # 4 Proposed Order) filed by Creditor Caliber Home Loans, Inc. f/k/a Vericrest Financial, Inc.).* (bd) (Entered: 08/16/2013) |
| 08/18/2013 | [36](7 pgs) | Certificate Of Mailing *(RE: related document(s)35 Agreed Order Conditioning Motion for Relief from Automatic Stay and Co-Debtor Stay (RE: related document(s)32 Motion for Relief from Automatic Stay AND Co-Debtor Stay As To: With Waiver of 30-Day Hearing Requirement As To 13672 FM 1314 North, Brownsboro TX 75756 Filed by Caliber Home Loans, Inc. f/k/a Vericrest Financial, Inc. (Attachments: # 1 Exhibit Note # 2 Exhibit DOT # 3 Affidavit Exhibit C # 4 Proposed Order) filed by Creditor Caliber Home Loans, Inc. f/k/a Vericrest Financial, Inc.). (bd)).* Notice Date 08/18/2013. (Admin.) (Entered: 08/19/2013) |
| 08/28/2013 | [37](9 pgs; 3 docs) | Trustee's Recommendation Concerning Claims Filed by John Talton. (Attachments: # [1](Service List) Service List # [2](Proposed Order) Proposed Order)(Talton., John) (Entered: 08/28/2013) |
| 09/10/2013 | [38](16 pgs; 3 docs) | Motion for Relief from Automatic Stay AND Co-Debtor Stay As To: Sheila Boettcher Without Waiver of 30-Day Hearing Requirement As To 2012 Kia Sorento Filed by Wells Fargo Bank, N.A. dba Wells Fargo Dealer Services (Attachments: # [1](Affidavit) Affidavit # [2](Proposed Order) Proposed Order) (Scheinthal, Alan) (Entered: 09/10/2013) |
| 09/10/2013 | | Receipt of Motion for Relief From Automatic Stay and Co-Debtor Stay(13-60002) [motion,mrlfstco] ( 176.00) filing fee. Receipt number 7931039, amount $ 176.00. (U.S. Treasury) (Entered: 09/10/2013) |
| 09/11/2013 | [39](2 pgs) | Objection Filed by Dan H. Boettcher *(RE: related document(s)38 Motion for Relief from Automatic Stay AND Co-Debtor Stay As To: Sheila Boettcher Without Waiver of 30-Day Hearing Requirement As To 2012 Kia Sorento Filed by Wells Fargo Bank, N.A. dba Wells Fargo Dealer Services (Attachments: # 1 Affidavit # 2 Proposed Order) filed by Creditor Wells Fargo Bank, N.A. dba Wells Fargo Dealer Services).* (Ames, Amy) (Entered: 09/11/2013) |
| 09/12/2013 | [40](40) | Objection to Claim (With Objection Language) 1 of eCAST Corporation |

| | | |
|---|---|---|
| | (10 pgs; 3 docs) | in the amount of $ 3949.75 Filed by Dan H. Boettcher (Attachments: # 1 Exhibit Proof of Claim #1 # 2 Proposed Order)(Ames, Amy) (Entered: 09/12/2013) |
| 09/16/2013 | | FINAL Hearing Set *(RE: related document(s)38 Motion for Relief from Automatic Stay AND Co-Debtor Stay As To: Sheila Boettcher Without Waiver of 30-Day Hearing Requirement As To 2012 Kia Sorento Filed by Wells Fargo Bank, N.A. dba Wells Fargo Dealer Services. Final Hearing scheduled for 10/23/2013 at 02:00 PM at Plaza Tower Courtroom. (ct)* (Entered: 09/16/2013) |
| 09/18/2013 | 41 (2 pgs) | Certificate Of Mailing *(RE: related document(s) FINAL Hearing Set (RE: related document(s)38 Motion for Relief from Automatic Stay AND Co-Debtor Stay As To: Sheila Boettcher Without Waiver of 30-Day Hearing Requirement As To 2012 Kia Sorento Filed by Wells Fargo Bank, N.A. dba Wells Fargo Dealer Services. Final Hearing scheduled for 10/23/2013 at 02:00 PM at Plaza Tower Courtroom. (ct)).* Notice Date 09/18/2013. (Admin.) (Entered: 09/19/2013) |
| 09/25/2013 | 42 (10 pgs; 3 docs) | Objection to Claim (With Objection Language) 2 of Quantum3 Group in the amount of $ 4551.99 Filed by Dan H. Boettcher (Attachments: # 1 Exhibit Proof of Claim #2 # 2 Proposed Order)(Ames, Amy) (Entered: 09/25/2013) |
| 09/25/2013 | 43 (11 pgs; 3 docs) | Objection to Claim (With Objection Language) 6 of Resurgent Capital Services in the amount of $ 520.92 Filed by Dan H. Boettcher (Attachments: # 1 Exhibit Proof of Claim #6 # 2 Proposed Order)(Ames, Amy) (Entered: 09/25/2013) |
| 09/25/2013 | 44 (17 pgs; 3 docs) | Objection to Claim (With Objection Language) 7 of Resurgent Capital Services in the amount of $ 5012.11 Filed by Dan H. Boettcher (Attachments: # 1 Exhibit # 2 Proposed Order)(Ames, Amy) (Entered: 09/25/2013) |
| 09/25/2013 | 45 (13 pgs; 3 docs) | Objection to Claim (With Objection Language) 8 of Resurgent Capital Services in the amount of $ 1,070.33 Filed by Dan H. Boettcher (Attachments: # 1 Exhibit # 2 Proposed Order)(Ames, Amy) (Entered: 09/25/2013) |
| 09/25/2013 | 46 (2 pgs) | Objection Filed by Dan H. Boettcher *(RE: related document(s)37 Trustee's Recommendation Concerning Claims Filed by John Talton. (Attachments: # 1 Service List # 2 Proposed Order)(Talton., John) filed by Trustee John Talton.).* (Ames, Amy) (Entered: 09/25/2013) |
| 09/27/2013 | 47 (3 pgs; 2 docs) | Chapter 13 Trustee's Motion to Dismiss Case for Failure to Make Plan Payments and Setting Hearing Filed by John Talton. Hearing scheduled for 10/23/2013 at 10:00 AM at Plaza Tower Courtroom. (Attachments: # 1 Proposed Order)(Talton., John) (Entered: 09/27/2013) |
| 09/27/2013 | | Hearing Set *(RE: related document(s)37 Trustee's Recommendation Concerning Claims Filed by John Talton. Hearing scheduled for 11/13/2013 at 10:10 AM at Plaza Tower Courtroom. (ct)* (Entered: 09/27/2013) |
| 09/29/2013 | 48 (3 pgs) | Certificate Of Mailing *(RE: related document(s) Hearing Set (RE: related document(s)37 Trustee's Recommendation Concerning Claims Filed by John Talton. Hearing scheduled for 11/13/2013 at 10:10 AM at Plaza* |

Copy from re:SearchTX

| | | |
|---|---|---|
| | | *Tower Courtroom.* (ct)). Notice Date 09/29/2013. (Admin.) (Entered: 09/30/2013) |
| 10/02/2013 | <u>49</u><br>(2 pgs) | Certificate Of Mailing *(RE: related document(s)<u>47</u> Chapter 13 Trustee's Motion to Dismiss Case for Failure to Make Plan Payments and Setting Hearing Filed by John Talton. Hearing scheduled for 10/23/2013 at 10:00 AM at Plaza Tower Courtroom. (Attachments: # 1 Proposed Order) (Talton., John) filed by Trustee John Talton.).* Notice Date 10/02/2013. (Admin.) (Entered: 10/03/2013) |
| 10/08/2013 | <u>50</u><br>(1 pg) | Order Dismissing Without Prejudice <u>40</u> Objection to Claim (With Objection Language) 1 of eCAST Corporation in the amount of $ 3949.75 Filed by Dan H. Boettcher (Attachments: # 1 Exhibit Proof of Claim #1 # 2 Proposed Order) filed by Debtor Dan H. Boettcher. (dd) (Entered: 10/08/2013) |
| 10/10/2013 | | Proposed Agreed Order or Judgment Submitted Prior to Hearing RE: <u>38</u> Motion for Relief From Automatic Stay and Co-Debtor Stay UPLOADED 2013-10-10 11:53 (Entered: 10/10/2013) |
| 10/10/2013 | <u>51</u><br>(3 pgs) | Agreed Order Conditioning Motion for Relief from Automatic Stay and Co-Debtor Stay *(RE: related document(s)<u>38</u> Motion for Relief from Automatic Stay AND Co-Debtor Stay As To: Sheila Boettcher Without Waiver of 30-Day Hearing Requirement As To 2012 Kia Sorento Filed by Wells Fargo Bank, N.A. dba Wells Fargo Dealer Services (Attachments: # 1 Affidavit # 2 Proposed Order) filed by Creditor Wells Fargo Bank, N.A. dba Wells Fargo Dealer Services).* (bd) (Entered: 10/10/2013) |
| 10/10/2013 | <u>52</u><br>(2 pgs) | Certificate Of Mailing *(RE: related document(s)<u>50</u> Order Dismissing Without Prejudice <u>40</u> Objection to Claim (With Objection Language) 1 of eCAST Corporation in the amount of $ 3949.75 Filed by Dan H. Boettcher (Attachments: # 1 Exhibit Proof of Claim #1 # 2 Proposed Order) filed by Debtor Dan H. Boettcher. (dd)).* Notice Date 10/10/2013. (Admin.) (Entered: 10/11/2013) |
| 10/12/2013 | <u>53</u><br>(4 pgs) | Certificate Of Mailing *(RE: related document(s)<u>51</u> Agreed Order Conditioning Motion for Relief from Automatic Stay and Co-Debtor Stay (RE: related document(s)<u>38</u> Motion for Relief from Automatic Stay AND Co-Debtor Stay As To: Sheila Boettcher Without Waiver of 30-Day Hearing Requirement As To 2012 Kia Sorento Filed by Wells Fargo Bank, N.A. dba Wells Fargo Dealer Services (Attachments: # 1 Affidavit # 2 Proposed Order) filed by Creditor Wells Fargo Bank, N.A. dba Wells Fargo Dealer Services). (bd)).* Notice Date 10/12/2013. (Admin.) (Entered: 10/13/2013) |
| 10/18/2013 | <u>54</u><br>(1 pg) | Order Sustaining <u>45</u> Objection to Claim (With Objection Language) 8 of Resurgent Capital Services in the amount of $ 1,070.33 Filed by Dan H. Boettcher (Attachments: # 1 Exhibit # 2 Proposed Order) filed by Debtor Dan H. Boettcher. (vh) (Entered: 10/18/2013) |
| 10/18/2013 | <u>55</u><br>(1 pg) | Order Sustaining <u>44</u> Objection to Claim (With Objection Language) 7 of Resurgent Capital Services in the amount of $ 5012.11 Filed by Dan H. Boettcher (Attachments: # 1 Exhibit # 2 Proposed Order) filed by Debtor Dan H. Boettcher. (vh) (Entered: 10/18/2013) |
| 10/18/2013 | <u>56</u><br>(1 pg) | Order Sustaining <u>43</u> Objection to Claim (With Objection Language) 6 of Resurgent Capital Services in the amount of $ 520.92 Filed by Dan H. |

Copy from re:SearchTX

| | | |
|---|---|---|
| | | *Boettcher (Attachments: # 1 Exhibit Proof of Claim #6 # 2 Proposed Order) filed by Debtor Dan H. Boettcher. (vh) (Entered: 10/18/2013)* |
| 10/18/2013 | **57**<br>(1 pg) | Order Sustaining 42 Objection to Claim (With Objection Language) 2 of Quantum3 Group in the amount of $ 4551.99 Filed by Dan H. Boettcher *(Attachments: # 1 Exhibit Proof of Claim #2 # 2 Proposed Order) filed by Debtor Dan H. Boettcher. (vh) (Entered: 10/18/2013)* |
| 10/20/2013 | **58**<br>(2 pgs) | Certificate Of Mailing *(RE: related document(s)54 Order Sustaining 45 Objection to Claim (With Objection Language) 8 of Resurgent Capital Services in the amount of $ 1,070.33 Filed by Dan H. Boettcher (Attachments: # 1 Exhibit # 2 Proposed Order) filed by Debtor Dan H. Boettcher. (vh)).* Notice Date 10/20/2013. (Admin.) (Entered: 10/21/2013) |
| 10/20/2013 | **59**<br>(2 pgs) | Certificate Of Mailing *(RE: related document(s)55 Order Sustaining 44 Objection to Claim (With Objection Language) 7 of Resurgent Capital Services in the amount of $ 5012.11 Filed by Dan H. Boettcher (Attachments: # 1 Exhibit # 2 Proposed Order) filed by Debtor Dan H. Boettcher. (vh)).* Notice Date 10/20/2013. (Admin.) (Entered: 10/21/2013) |
| 10/20/2013 | **60**<br>(2 pgs) | Certificate Of Mailing *(RE: related document(s)56 Order Sustaining 43 Objection to Claim (With Objection Language) 6 of Resurgent Capital Services in the amount of $ 520.92 Filed by Dan H. Boettcher (Attachments: # 1 Exhibit Proof of Claim #6 # 2 Proposed Order) filed by Debtor Dan H. Boettcher. (vh)).* Notice Date 10/20/2013. (Admin.) (Entered: 10/21/2013) |
| 10/20/2013 | **61**<br>(2 pgs) | Certificate Of Mailing *(RE: related document(s)57 Order Sustaining 42 Objection to Claim (With Objection Language) 2 of Quantum3 Group in the amount of $ 4551.99 Filed by Dan H. Boettcher (Attachments: # 1 Exhibit Proof of Claim #2 # 2 Proposed Order) filed by Debtor Dan H. Boettcher. (vh)).* Notice Date 10/20/2013. (Admin.) (Entered: 10/21/2013) |
| 10/23/2013 | **62**<br>(1 pg) | Order of Dismissal *(RE: related document(s)47 Chapter 13 Trustee's Motion to Dismiss Case for Failure to Make Plan Payments and Setting Hearing Filed by John Talton. Hearing scheduled for 10/23/2013 at 10:00 AM at Plaza Tower Courtroom. (Attachments: # 1 Proposed Order) (Talton., John) filed by Trustee John Talton.). (vh) (Entered: 10/23/2013)* |
| 10/25/2013 | **63**<br>(3 pgs) | Certificate Of Mailing *(RE: related document(s)62 Order of Dismissal (RE: related document(s)47 Chapter 13 Trustee's Motion to Dismiss Case for Failure to Make Plan Payments and Setting Hearing Filed by John Talton. Hearing scheduled for 10/23/2013 at 10:00 AM at Plaza Tower Courtroom. (Attachments: # 1 Proposed Order)(Talton., John) filed by Trustee John Talton.). (vh)).* Notice Date 10/25/2013. (Admin.) (Entered: 10/26/2013) |
| 12/20/2013 | **64**<br>(46 pgs; 2 docs) | Notice of Change of Address Filed by Laurie Spindler Huffman (admin). (Entered: 12/20/2013) |
| 01/10/2014 | **65**<br>(6 pgs; 3 docs) | Chapter 13 Standing Trustee's Final Report and Account, Distribution Report Certification That the Estate has Been Fully Administered and Application to be Discharged Filed by John Talton. (Attachments: # 1 Certificate of Service # 2 Service List)(Talton., John) (Entered: 01/10/2014) |
| 01/10/2014 | **66** | Notice of Filing of Chapter 12/13 Trustee's Final Report and Account *(RE:* |

| | | |
|---|---|---|
| | (5 pgs; 3 docs) | *related document(s)65 Chapter 13 Standing Trustee's Final Report and Account, Distribution Report Certification That the Estate has Been Fully Administered and Application to be Discharged Filed by John Talton. (Attachments: # 1 Certificate of Service # 2 Service List)(Talton., John) filed by Trustee John Talton.). Filed by John Talton. (Attachments: # 1 Service List # 2 Proposed Order)(Talton., John) (Entered: 01/10/2014)* |
| 02/18/2014 | <u>67</u><br>(1 pg) | Order Discharging Chapter 13 Trustee and Closing Chapter 13 Case *(RE: related document(s)66 Notice of Filing of Chapter 12/13 Trustee's Final Report and Account (RE: related document(s)65 Chapter 13 Standing Trustee's Final Report and Account, Distribution Report Certification That the Estate has Been Fully Administered and Application to be Discharged Filed by John Talton. (Attachments: # 1 Certificate of Service # 2 Service List)(Talton., John) filed by Trustee John Talton.). Filed by John Talton. (Attachments: # 1 Service List # 2 Proposed Order)(Talton., John) filed by Trustee John Talton.). (vh) (Entered: 02/18/2014)* |
| 02/18/2014 | | Bankruptcy Case Closed (vh) (Entered: 02/18/2014) |

<table>
<tr><td colspan="4" align="center"><b>PACER Service Center</b></td></tr>
<tr><td colspan="4" align="center"><b>Transaction Receipt</b></td></tr>
<tr><td colspan="4" align="center">09/27/2022 12:04:22</td></tr>
<tr><td><b>PACER Login:</b></td><td>█████</td><td><b>Client Code:</b></td><td></td></tr>
<tr><td><b>Description:</b></td><td>Docket Report</td><td><b>Search Criteria:</b></td><td>13-60002 Fil or Ent: filed From: 9/27/2000 To: 9/27/2022 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included</td></tr>
<tr><td><b>Billable Pages:</b></td><td>10</td><td><b>Cost:</b></td><td>1.00</td></tr>
</table>

Copy from re:SearchTX

**FinMgmtDue, ODSM**

### United States Bankruptcy Court
### Eastern District of Texas (Tyler)
### Bankruptcy Petition #: 21-60461

*Date filed:* 11/01/2021
*Debtor dismissed:* 07/01/2022
*341 meeting:* 12/07/2021

*Assigned to:* Bankruptcy Judge Joshua P. Searcy
Chapter 13
Voluntary
Asset

*Debtor disposition:* Dismissed for failure to make plan payments

**Debtor**
**Dan Herman Boettcher,** *debtor*
13672 FM 314 N
Brownsboro, TX 75756
HENDERSON-TX
SSN / ITIN: xxx-xx-3358

represented by **Nicholas C. Inman**
Allmand Law Firm, PLLC
860 Airport Frwy, Ste. 401
Hurst, TX 76054
214.265.0123
Fax : 214.265.1979
Email: dallasecf@allmandlaw.com

**John Kendrick Turner**
Allmand Law Firm
860 Airport Freeway
Suite 401
Hurst, TX 76054
214-265-0123
Email: jturner@allmandlaw.com

**Trustee**
**Lloyd Kraus**
Plaza Tower
110 N. College Ave., 12th Floor
Tyler, TX 75702
903-593-7777

**U.S. Trustee**
**US Trustee**
Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702
(903) 590-1450



| Filing Date | # | Docket Text |
|---|---|---|
| 11/01/2021 | <u>1</u><br>(16 pgs) | Chapter 13 Voluntary Petition Without Schedules, Statements, and All Other Required Documents. Filed by Dan Herman Boettcher, Document Due 11/8/2021. Chapter 13 Plan due by 11/15/2021. Schedules A-J due |

Copy from re:SearchTX

| | | 11/15/2021. Statement of Financial Affairs due 11/15/2021. Summary of schedules due 11/15/2021.Means Test Form Due: 11/15/2021. Incomplete Filings due by 11/15/2021.(Inman, Nicholas) (Entered: 11/01/2021) |
|---|---|---|
| 11/01/2021 | 2 (1 pg) | Certificate of Credit Counseling for Debtor Filed by Dan Herman Boettcher (Inman, Nicholas) (Entered: 11/01/2021) |
| 11/01/2021 | 3 (2 pgs) | Disclosure of Compensation of Attorney for Debtor Amount Charged $ 4000 Amount Paid $ 227 Filed by Dan Herman Boettcher (Inman, Nicholas) (Entered: 11/01/2021) |
| 11/02/2021 | 4 | Matrix (Uploaded Electronically) (vh) (Entered: 11/02/2021) |
| 11/03/2021 | | Receipt of Voluntary Petition (Chapter 13)( 21-60461) [misc,volp13a] ( 313.00) filing fee. Receipt number A12232381, amount $ 313.00. (U.S. Treasury) (Entered: 11/03/2021) |
| 11/05/2021 | 5 (1 pg) | Notice of Appearance by (Attorney: Lisa Large Cockrell) Filed by Brownsboro ISD (Cockrell, Lisa) (Entered: 11/05/2021) |
| 11/05/2021 | 6 (1 pg) | Notice of Appearance by (Attorney: Tara LeDay) Filed by Henderson County (LeDay, Tara) (Entered: 11/05/2021) |
| 11/12/2021 | 7 (2 pgs) | Meeting of Creditors Filed by Lloyd Kraus 341(a) meeting to be held on 12/7/2021 at 09:00 AM at Video Hearing Location. Last day to oppose dischargeability is 2/7/2022. Proofs of Claims due by 1/10/2022. Government Proof of Claim due by 5/2/2022. Confirmation hearing to be held on 1/27/2022 at 09:30 AM at Virtual Hearing Location (TYR Jan. 27). (Kraus, Lloyd) (Entered: 11/12/2021) |
| 11/15/2021 | 8 | Declaration for Electronic Filing. Filing of this declaration constitutes a certification by the debtors attorney that: (1) the attorney is in possession of, at a minimum, an electronic or facsimile transmission version of the signed declaration; (2) the attorney has instructed the debtor to forward the originally signed declaration [i.e., with a wet signature] promptly to the attorney; (3) the attorney will forward the originally signed declaration to the Court upon receipt; and (4) the attorney has advised the debtor that any failure to file with the court the originally signed declaration could result in the dismissal of the case. Filed by Dan Herman Boettcher *(RE: related document(s)1 Chapter 13 Voluntary Petition Without Schedules, Statements, and All Other Required Documents. Filed by Dan Herman Boettcher, Document Due 11/8/2021. Chapter 13 Plan due by 11/15/2021. Schedules A-J due 11/15/2021. Statement of Financial Affairs due 11/15/2021. Summary of schedules due 11/15/2021.Means Test Form Due: 11/15/2021. Incomplete Filings due by 11/15/2021. filed by Debtor Dan Herman Boettcher)*. (Inman, Nicholas) (Entered: 11/15/2021) |
| 11/15/2021 | 9 (33 pgs) | Original Schedules: Schedule A/B, Schedule C, Schedule D, Schedule E/F, Schedule G, Schedule H, Schedule I, Schedule J,. Filed by Dan Herman Boettcher Document Due 11/22/2021. (Inman, Nicholas) (Entered: 11/15/2021) |
| 11/15/2021 | 10 (7 pgs) | Statement of Financial Affairs Filed by Dan Herman Boettcher *(RE: related document(s)1 Chapter 13 Voluntary Petition Without Schedules, Statements, and All Other Required Documents. Filed by Dan Herman Boettcher, Document Due 11/8/2021. Chapter 13 Plan due by 11/15/2021. Schedules A-J due 11/15/2021. Statement of Financial Affairs due* |

Copy from re:SearchTX

| | | |
|---|---|---|
| | | *11/15/2021. Summary of schedules due 11/15/2021.Means Test Form Due: 11/15/2021. Incomplete Filings due by 11/15/2021. filed by Debtor Dan Herman Boettcher). Document Due 11/22/2021. (Inman, Nicholas) (Entered: 11/15/2021)* |
| 11/15/2021 | **11** (4 pgs) | Chapter 13 Calculation of Your Disposable Income Form 122C-2 Filed by Dan Herman Boettcher Document Due 11/22/2021. (Inman, Nicholas) (Entered: 11/15/2021) |
| 11/15/2021 | **12** (12 pgs; 2 docs) | Chapter 13 Plan . Filed by Dan Herman Boettcher *(RE: related document(s)1 Chapter 13 Voluntary Petition Without Schedules, Statements, and All Other Required Documents. Filed by Dan Herman Boettcher, Document Due 11/8/2021. Chapter 13 Plan due by 11/15/2021. Schedules A-J due 11/15/2021. Statement of Financial Affairs due 11/15/2021. Summary of schedules due 11/15/2021.Means Test Form Due: 11/15/2021. Incomplete Filings due by 11/15/2021. filed by Debtor Dan Herman Boettcher). (Attachments: # 1 Service List)(Inman, Nicholas) (Entered: 11/15/2021)* |
| 11/15/2021 | 13 | Declaration for Electronic Filing. Filing of this declaration constitutes a certification by the debtors attorney that: (1) the attorney is in possession of, at a minimum, an electronic or facsimile transmission version of the signed declaration; (2) the attorney has instructed the debtor to forward the originally signed declaration [i.e., with a wet signature] promptly to the attorney; (3) the attorney will forward the originally signed declaration to the Court upon receipt; and (4) the attorney has advised the debtor that any failure to file with the court the originally signed declaration could result in the dismissal of the case. Filed by Dan Herman Boettcher *(RE: related document(s)9 Original Schedules: Schedule A/B, Schedule C, Schedule D, Schedule E/F, Schedule G, Schedule H, Schedule I, Schedule J., Filed by Dan Herman Boettcher Document Due 11/22/2021. filed by Debtor Dan Herman Boettcher, 10 Statement of Financial Affairs Filed by Dan Herman Boettcher (RE: related document(s)1 Chapter 13 Voluntary Petition Without Schedules, Statements, and All Other Required Documents. Filed by Dan Herman Boettcher, Document Due 11/8/2021. Chapter 13 Plan due by 11/15/2021. Schedules A-J due 11/15/2021. Statement of Financial Affairs due 11/15/2021. Summary of schedules due 11/15/2021.Means Test Form Due: 11/15/2021. Incomplete Filings due by 11/15/2021. filed by Debtor Dan Herman Boettcher). Document Due 11/22/2021. filed by Debtor Dan Herman Boettcher, 11 Chapter 13 Calculation of Your Disposable Income Form 122C-2 Filed by Dan Herman Boettcher Document Due 11/22/2021. filed by Debtor Dan Herman Boettcher).* (Inman, Nicholas) (Entered: 11/15/2021) |
| 11/17/2021 | **14** (4 pgs; 2 docs) | Certificate of Notice *of 341 Meeting by Video Hearing* Filed By Lloyd Kraus *(RE: related document(s)7 Meeting of Creditors Filed by Lloyd Kraus 341(a) meeting to be held on 12/7/2021 at 09:00 AM at Video Hearing Location. Last day to oppose dischargeability is 2/7/2022. Proofs of Claims due by 1/10/2022. Government Proof of Claim due by 5/2/2022. Confirmation hearing to be held on 1/27/2022 at 09:30 AM at Virtual Hearing Location (TYR Jan. 27). filed by Trustee Lloyd Kraus).* Filed by on behalf of Lloyd Kraus (Attachments: # 1 Service List)(Kraus, Lloyd) (Entered: 11/17/2021) |
| 11/17/2021 | **15** (4 pgs) | BNC Certificate of Mailing - Notice of Meeting of Creditors. *(RE: related document(s)7 Meeting of Creditors Filed by Lloyd Kraus 341(a) meeting to be held on 12/7/2021 at 09:00 AM at Video Hearing Location. Last day to oppose dischargeability is 2/7/2022. Proofs of Claims due by 1/10/2022. Government Proof of Claim due by 5/2/2022. Confirmation hearing to be* |

Copy from re:SearchTX

| | | |
|---|---|---|
| | | held on 1/27/2022 at 09:30 AM at Virtual Hearing Location (TYR Jan. 27). filed by Trustee Lloyd Kraus). Notice Date 11/17/2021. (Admin.) (Entered: 11/17/2021) |
| 11/19/2021 | **16** (6 pgs; 2 docs) | Certificate of Service Filed by Dan Herman Boettcher *(RE: related document(s)15 BNC Certificate of Mailing - Notice of Meeting of Creditors. (RE: related document(s)7 Meeting of Creditors Filed by Lloyd Kraus 341(a) meeting to be held on 12/7/2021 at 09:00 AM at Video Hearing Location. Last day to oppose dischargeability is 2/7/2022. Proofs of Claims due by 1/10/2022. Government Proof of Claim due by 5/2/2022. Confirmation hearing to be held on 1/27/2022 at 09:30 AM at Virtual Hearing Location (TYR Jan. 27). filed by Trustee Lloyd Kraus). Notice Date 11/17/2021. (Admin.)). (Attachments: # 1 341 Notice) (Turner, John)* (Entered: 11/19/2021) |
| 11/19/2021 | **17** (1 pg) | Amended Creditor Matrix, Adding Creditors Filed by Dan Herman Boettcher (Turner, John) (Entered: 11/19/2021) |
| 11/19/2021 | | Receipt of Amended Matrix (Adding/Deleting Creditors)(Fee Required)( 21-60461) [misc,amdcm] ( 32.00) filing fee. Receipt number A12251385, amount $ 32.00. (U.S. Treasury) (Entered: 11/19/2021) |
| 11/24/2021 | **18** (3 pgs) | Objection to Confirmation of Plan Filed by NewRez LLC d/b/a Shellpoint Mortgage Servicing *(RE: related document(s)12 Chapter 13 Plan . Filed by Dan Herman Boettcher (RE: related document(s)1 Chapter 13 Voluntary Petition Without Schedules, Statements, and All Other Required Documents. Filed by Dan Herman Boettcher, Document Due 11/8/2021. Chapter 13 Plan due by 11/15/2021. Schedules A-J due 11/15/2021. Statement of Financial Affairs due 11/15/2021. Summary of schedules due 11/15/2021.Means Test Form Due: 11/15/2021. Incomplete Filings due by 11/15/2021. filed by Debtor Dan Herman Boettcher). (Attachments: # 1 Service List) filed by Debtor Dan Herman Boettcher). (Pryor, Chandra)* (Entered: 11/24/2021) |
| 12/02/2021 | **19** (1 pg) | Notice of Missing Documents (Financial Management Certificate) to Individual Debtor (adi) (Entered: 12/02/2021) |
| 12/04/2021 | **20** (3 pgs) | Certificate Of Mailing *(RE: related document(s)19 Notice of Missing Documents (Financial Management Certificate) to Individual Debtor (adi)).* Notice Date 12/04/2021. (Admin.) (Entered: 12/04/2021) |
| 12/06/2021 | | Declaration for Electronic Filing In Re: *(RE: related document(s)8 Declaration for Electronic Filing. Filing of this declaration constitutes a certification by the debtors attorney that: (1) the attorney is in possession of, at a minimum, an electronic or facsimile transmission version of the signed declaration; (2) the attorney has instructed the debtor to forward the originally signed declaration [i.e., with a wet signature] promptly to the attorney; (3) the attorney will forward the originally signed declaration to the Court upon receipt; and (4) the attorney has advised the debtor that any failure to file with the court the originally signed declaration could result in the dismissal of the case. Filed by Dan Herman Boettcher (RE: related document(s)1 Chapter 13 Voluntary Petition Without Schedules, Statements, and All Other Required Documents. Filed by Dan Herman Boettcher, Document Due 11/8/2021. Chapter 13 Plan due by 11/15/2021. Schedules A-J due 11/15/2021. Statement of Financial Affairs due 11/15/2021. Summary of schedules due 11/15/2021.Means Test Form Due: 11/15/2021. Incomplete Filings due by 11/15/2021. filed by* |

Copy from re:SearchTX

| | | |
|---|---|---|
| | | *Debtor Dan Herman Boettcher). filed by Debtor Dan Herman Boettcher). (JD) (Entered: 12/06/2021)* |
| 12/06/2021 | | Declaration for Electronic Filing In Re: *(RE: related document(s)13 Declaration for Electronic Filing. Filing of this declaration constitutes a certification by the debtors attorney that: (1) the attorney is in possession of, at a minimum, an electronic or facsimile transmission version of the signed declaration; (2) the attorney has instructed the debtor to forward the originally signed declaration [i.e., with a wet signature] promptly to the attorney; (3) the attorney will forward the originally signed declaration to the Court upon receipt; and (4) the attorney has advised the debtor that any failure to file with the court the originally signed declaration could result in the dismissal of the case. Filed by Dan Herman Boettcher (RE: related document(s)9 Original Schedules: Schedule A/B, Schedule C, Schedule D, Schedule E/F, Schedule G, Schedule H, Schedule I, Schedule J,. Filed by Dan Herman Boettcher Document Due 11/22/2021. filed by Debtor Dan Herman Boettcher, 10 Statement of Financial Affairs Filed by Dan Herman Boettcher (RE: related document(s)1 Chapter 13 Voluntary Petition Without Schedules, Statements, and All Other Required Documents. Filed by Dan Herman Boettcher, Document Due 11/8/2021. Chapter 13 Plan due by 11/15/2021. Schedules A-J due 11/15/2021. Statement of Financial Affairs due 11/15/2021. Summary of schedules due 11/15/2021.Means Test Form Due: 11/15/2021. Incomplete Filings due by 11/15/2021. filed by Debtor Dan Herman Boettcher). Document Due 11/22/2021. filed by Debtor Dan Herman Boettcher; 11 Chapter 13 Calculation of Your Disposable Income Form 122C-2 Filed by Dan Herman Boettcher Document Due 11/22/2021. filed by Debtor Dan Herman Boettcher). filed by Debtor Dan Herman Boettcher). (JD) (Entered: 12/06/2021)* |
| 12/07/2021 | | Meeting of Creditors Continued *(RE: related document(s)7 Meeting of Creditors Filed by Lloyd Kraus 341(a) meeting to be held on 12/7/2021 at 09:00 AM at Video Hearing Location. Last day to oppose dischargeability is 2/7/2022. Proofs of Claims due by 1/10/2022. Government Proof of Claim due by 5/2/2022. Confirmation hearing to be held on 1/27/2022 at 09:30 AM at Virtual Hearing Location (TYR Jan. 27). filed by Trustee Lloyd Kraus). Filed by Lloyd Kraus 341(a) meeting to be held on 12/22/2021 at 09:00 AM at TELEPHONIC HEARING LOCATION.* (Kraus, Lloyd) (Entered: 12/07/2021) |
| 12/09/2021 | 21 (4 pgs; 2 docs) | Notice of Hearing Filed by Dan Herman Boettcher *(RE: related document(s)15 BNC Certificate of Mailing - Notice of Meeting of Creditors. (RE: related document(s)7 Meeting of Creditors Filed by Lloyd Kraus 341(a) meeting to be held on 12/7/2021 at 09:00 AM at Video Hearing Location. Last day to oppose dischargeability is 2/7/2022. Proofs of Claims due by 1/10/2022. Government Proof of Claim due by 5/2/2022. Confirmation hearing to be held on 1/27/2022 at 09:30 AM at Virtual Hearing Location (TYR Jan. 27). filed by Trustee Lloyd Kraus). Notice Date 11/17/2021. (Admin.), Meeting of Creditors Continued (RE: related document(s)7 Meeting of Creditors Filed by Lloyd Kraus 341(a) meeting to be held on 12/7/2021 at 09:00 AM at Video Hearing Location. Last day to oppose dischargeability is 2/7/2022. Proofs of Claims due by 1/10/2022. Government Proof of Claim due by 5/2/2022. Confirmation hearing to be held on 1/27/2022 at 09:30 AM at Virtual Hearing Location (TYR Jan. 27). filed by Trustee Lloyd Kraus). Filed by Lloyd Kraus 341(a) meeting to be held on 12/22/2021 at 09:00 AM at TELEPHONIC HEARING LOCATION. filed by Trustee Lloyd Kraus).* (Attachments: # 1 Matrix) (Turner, John) (Entered: 12/09/2021) |

Copy from re:SearchTX

| 12/22/2021 | 22<br>(3 pgs) | Trustee's Report on Section 341 Meeting. Meeting Held and Concluded on 12/22/21. Filed by Lloyd Kraus (Kraus, Lloyd) (Entered: 12/22/2021) |
|---|---|---|
| 01/13/2022 | 23<br>(2 pgs) | Declaration of Debtors Under Penalty of Perjury Regarding Status of Post Petition Obligations as of Chapter 13 Plan Confirmation Hearing. Filed by Dan Herman Boettcher (Turner, John) (Entered: 01/13/2022) |
| 01/19/2022 | 24<br>(6 pgs) | Trustee's Confirmation Report, Witness and Exhibit List. (Kraus, Lloyd) (Entered: 01/19/2022) |
| 01/27/2022 |  | Trustee's Proposed Plan Denial Orders RE: 12 Chapter 13 Plan UPLOADED 2022-01-27 15:47 (Entered: 01/27/2022) |
| 01/28/2022 | 25<br>(2 pgs) | Order Denying Confirmation of Chapter 13 Plan; Setting 30-Day Dismissal Deadline For Filing New Chapter 13 Plan; and Setting Final Dismissal Deadline Pertaining to Plan Confirmation *(RE: related document(s)12 Chapter 13 Plan . Filed by Dan Herman Boettcher (RE: related document(s)1 Chapter 13 Voluntary Petition Without Schedules, Statements, and All Other Required Documents. Filed by Dan Herman Boettcher, Document Due 11/8/2021. Chapter 13 Plan due by 11/15/2021. Schedules A-J due 11/15/2021. Statement of Financial Affairs due 11/15/2021. Summary of schedules due 11/15/2021.Means Test Form Due: 11/15/2021. Incomplete Filings due by 11/15/2021. filed by Debtor Dan Herman Boettcher). (Attachments: # 1 Service List) filed by Debtor Dan Herman Boettcher).* Plan due on 2/28/2022. (JD) (Entered: 01/28/2022) |
| 01/30/2022 | 26<br>(5 pgs) | Certificate Of Mailing *(RE: related document(s)25 Order Denying Confirmation of Chapter 13 Plan; Setting 30-Day Dismissal Deadline For Filing New Chapter 13 Plan; and Setting Final Dismissal Deadline Pertaining to Plan Confirmation (RE: related document(s)12 Chapter 13 Plan . Filed by Dan Herman Boettcher (RE: related document(s)1 Chapter 13 Voluntary Petition Without Schedules, Statements, and All Other Required Documents. Filed by Dan Herman Boettcher, Document Due 11/8/2021. Chapter 13 Plan due by 11/15/2021. Schedules A-J due 11/15/2021. Statement of Financial Affairs due 11/15/2021. Summary of schedules due 11/15/2021.Means Test Form Due: 11/15/2021. Incomplete Filings due by 11/15/2021. filed by Debtor Dan Herman Boettcher). (Attachments: # 1 Service List) filed by Debtor Dan Herman Boettcher). Plan due on 2/28/2022. (JD)).* Notice Date 01/30/2022. (Admin.) (Entered: 01/30/2022) |
| 02/27/2022 | 27<br>(11 pgs; 2 docs) | Amended Chapter 13 Plan . Filed by Dan Herman Boettcher (Attachments: # 1 Service List matrix)(Turner, John) Modified on 2/28/2022 (JD). (Entered: 02/27/2022) |
| 02/28/2022 | 28<br>(1 pg) | NOTICE OF HEARING OF CONFIRMATION ON AMENDED CHAPTER 13 PLAN. ANY OBJECTION TO CONFIRMATION MUST BE FILED NO LATER THAN SEVEN (7) DAYS PRIOR TO CONFIRMATION HEARING. *(RE: related document(s)27 Amended Chapter 13 Plan filed by Debtor Dan Herman Boettcher).* Confirmation hearing to be held on 4/14/2022 at 09:30 AM at Virtual Hearing Location (TYR Apr. 14). (at) (Entered: 02/28/2022) |
| 03/02/2022 | 29<br>(4 pgs) | Certificate Of Mailing *(RE: related document(s)28 NOTICE OF HEARING OF CONFIRMATION ON AMENDED CHAPTER 13 PLAN. ANY OBJECTION TO CONFIRMATION MUST BE FILED NO LATER THAN SEVEN (7) DAYS PRIOR TO CONFIRMATION HEARING. (RE: related document(s)27 Amended Chapter 13 Plan filed by Debtor Dan* |

Copy from re:SearchTX

| | | |
|---|---|---|
| | | *Herman Boettcher). Confirmation hearing to be held on 4/14/2022 at 09:30 AM at Virtual Hearing Location (TYR Apr. 14). (at)).* Notice Date 03/02/2022. (Admin.) (Entered: 03/02/2022) |
| 04/05/2022 | [30](2 pgs) | Declaration of Debtors Under Penalty of Perjury Regarding Status of Post Petition Obligations as of Chapter 13 Plan Confirmation Hearing. Filed by Dan Herman Boettcher (Turner, John) (Entered: 04/05/2022) |
| 04/07/2022 | [31](6 pgs) | Trustee's Confirmation Report, Witness and Exhibit List. (Kraus, Lloyd) (Entered: 04/07/2022) |
| 04/14/2022 | [32](1 pg) | Confirmation Hearing Continued *(RE: related document(s)[27] Amended Chapter 13 Plan filed by Debtor Dan Herman Boettcher).* Confirmation hearing to be held on 6/30/2022 at 09:30 AM at Virtual Hearing Location (TYR June 30). (at) (Entered: 04/14/2022) |
| 04/16/2022 | [33](4 pgs) | Certificate Of Mailing *(RE: related document(s)[32] Confirmation Hearing Continued (RE: related document(s)[27] Amended Chapter 13 Plan filed by Debtor Dan Herman Boettcher). Confirmation hearing to be held on 6/30/2022 at 09:30 AM at Virtual Hearing Location (TYR June 30). (at)).* Notice Date 04/16/2022. (Admin.) (Entered: 04/16/2022) |
| 06/06/2022 | [34](6 pgs; 3 docs) | Chapter 13 Trustee's Motion to Dismiss Case With Prejudice for 120 Days for Failure to Make Plan Payments and Setting Hearing Filed by Lloyd Kraus Hearing scheduled for 6/30/2022 at 10:00 AM at Virtual Hearing Location (TYR June 30). (Attachments: # [1] Proposed Order)(Kraus, Lloyd) (Entered: 06/06/2022) |
| 06/08/2022 | [35](3 pgs) | Certificate Of Mailing *(RE: related document(s)[34] Chapter 13 Trustee's Motion to Dismiss Case With Prejudice for 120 Days for Failure to Make Plan Payments and Setting Hearing Filed by Lloyd Kraus Hearing scheduled for 6/30/2022 at 10:00 AM at Virtual Hearing Location (TYR June 30). (Attachments: # 1 Proposed Order) filed by Trustee Lloyd Kraus).* Notice Date 06/08/2022. (Admin.) (Entered: 06/08/2022) |
| 06/17/2022 | [36](2 pgs) | Declaration of Debtors Under Penalty of Perjury Regarding Status of Post Petition Obligations as of Chapter 13 Plan Confirmation Hearing. Filed by Dan Herman Boettcher (Turner, John) (Entered: 06/17/2022) |
| 06/23/2022 | [37](6 pgs) | Trustee's Confirmation Report, Witness and Exhibit List. (Kraus, Lloyd) (Entered: 06/23/2022) |
| 06/30/2022 | | Trustee's Proposed Plan Denial Orders RE: [27] Chapter 13 Plan UPLOADED 2022-06-30 12:34 (Entered: 06/30/2022) |
| 07/01/2022 | [38](1 pg) | Order Denying Confirmation of Chapter 13 Plan *(RE: related document(s)[27] Amended Chapter 13 Plan . Filed by Dan Herman Boettcher (Attachments: # 1 Service List matrix)(Turner, John) Modified on 2/28/2022 (JD). filed by Debtor Dan Herman Boettcher).* (JD) (Entered: 07/01/2022) |
| 07/01/2022 | [39](2 pgs) | Order Of Dismissal With Prejudice For 120 Days *(RE: related document(s)[34] Chapter 13 Trustee's Motion to Dismiss Case With Prejudice for 120 Days for Failure to Make Plan Payments and Setting Hearing Filed by Lloyd Kraus Hearing scheduled for 6/30/2022 at 10:00 AM at Virtual Hearing Location (TYR June 30). (Attachments: # 1* |

Copy from re:SearchTX

| | | |
|---|---|---|
| | | *Proposed Order) filed by Trustee Lloyd Kraus).* (JD) (Entered: 07/01/2022) |
| 07/03/2022 | **40**<br>(5 pgs) | Certificate Of Mailing *(RE: related document(s)39 Order Of Dismissal With Prejudice For 120 Days (RE: related document(s)34 Chapter 13 Trustee's Motion to Dismiss Case With Prejudice for 120 Days for Failure to Make Plan Payments and Setting Hearing Filed by Lloyd Kraus Hearing scheduled for 6/30/2022 at 10:00 AM at Virtual Hearing Location (TYR June 30). (Attachments: # 1 Proposed Order) filed by Trustee Lloyd Kraus). (JD)).* Notice Date 07/03/2022. (Admin.) (Entered: 07/03/2022) |
| 07/03/2022 | **41**<br>(4 pgs) | Certificate Of Mailing *(RE: related document(s)38 Order Denying Confirmation of Chapter 13 Plan (RE: related document(s)27 Amended Chapter 13 Plan . Filed by Dan Herman Boettcher (Attachments: # 1 Service List matrix)(Turner, John) Modified on 2/28/2022 (JD). filed by Debtor Dan Herman Boettcher). (JD)).* Notice Date 07/03/2022. (Admin.) (Entered: 07/03/2022) |
| 09/16/2022 | **42**<br>(6 pgs; 3 docs) | Chapter 13 Standing Trustee's Final Report and Account, Distribution Report Certification That the Estate has Been Fully Administered and Application to be Discharged Filed by Lloyd Kraus (Attachments: # 1 Certificate of Service # 2 Service List)(Kraus, Lloyd) (Entered: 09/16/2022) |
| 09/16/2022 | **43**<br>(5 pgs; 3 docs) | Notice of Filing of Chapter 12/13 Trustee's Final Report and Account *(RE: related document(s)42 Chapter 13 Standing Trustee's Final Report and Account, Distribution Report Certification That the Estate has Been Fully Administered and Application to be Discharged Filed by Lloyd Kraus (Attachments: # 1 Certificate of Service # 2 Service List) filed by Trustee Lloyd Kraus).* Filed by Lloyd Kraus (Attachments: # 1 Service List # 2 Proposed Order)(Kraus, Lloyd) (Entered: 09/16/2022) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/27/2022 12:05:10 | | | |
| **PACER Login:** | Jhel3217 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 21-60461 Fil or Ent: filed From: 9/27/2000 To: 9/27/2022 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 7 | **Cost:** | 0.70 |

Copy from re:SearchTX

## Hardship Letter

Please use this page to explain the hardship listed on your application for loss mitigation assistance.

From the beginning our mortgage was sold every year and during the year. And every time, the mortgage the principle went up. Last year just before the bankrupcy we were told that we in a predatory loan after a lote research. When we walked out of the title company we owed $179,000.00. Now shellpoint says we over twice as much as before, and the principle has not gone down any. We are no a fixed income as the government pays us pennies. With medical bills and essentials. Now with inflation driving prices up, Shellpoint over the years were adding fees and stopped accepting our payment.

My wife sadly went blind after we moved in. Now she cannot drive, nor can go anywhere by herself. She is insolin dependant and has diabetic neuropathy in her legs and feet. But she knows house. Shellpoint says we cannot afford this home and has blamed us for everything they did to us.

_____          9-21-2022
<<Borrower1>>                     <<Date>>

_____          9-21-2022
<<Borrower2>>                     <<Date>>

This letter is for explanation of hardship only. If you have a complaint, escalation, or another inquiry, please contact us at <<Phone>>.



Loan Number: <<LoanNumber>>

Copy from re:SearchTX

FILED FOR RECORD

2022 AUG 25 AM 8:06

~~~~~~~~~~~~~RIGHT
COUNTY CLERK
HENDERSON COUNTY, TEXAS

00000009558487

13672 FM 1314 NORTH
BROWNSBORO, TX 75756

### NOTICE OF [SUBSTITUTE] TRUSTEE'S SALE

**Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

1. **Date, Time, and Place of Sale.**

   Date:    October 04, 2022

   Time:    The sale will begin at 10:00 AM or not later than three hours after that time.

   Place:   THE SOUTH ENTRANCE OF THE HENDERSON COUNTY COURTHOUSE OR AS DESIGNATED BY THE COUNTY COMMISSIONERS or as designated by the county commissioners.

2. **Terms of Sale.** Cash.

3. **Instrument to be Foreclosed.** The Instrument to be foreclosed is the Deed of Trust or Contract Lien dated May 25, 2006 and recorded in Document VOLUME 2657, PAGE 180 real property records of HENDERSON County, Texas, with DAN BOETTCHER AND SHEILA BOETTCHER, grantor(s) and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS NOMINEE, mortgagee.

4. **Obligations Secured.** Deed of Trust or Contract Lien executed by DAN BOETTCHER AND SHEILA BOETTCHER, securing the payment of the indebtednesses in the original principal amount of $251,000.00, and obligations therein described including but not limited to the promissory note and all modifications, renewals and extensions of the promissory note. BRIGHTHOUSE LIFE INSURANCE COMPANY is the current mortgagee of the note and Deed of Trust or Contract Lien.

5. **Property to Be Sold.** The property to be sold is described in the attached Exhibit A.

6. **Mortgage Servicer Information.** The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee. Pursuant to the Servicing Agreement and Texas Property Code § 51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the lien securing the Property referenced above. NEWREZ LLC F/K/A NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING, as Mortgage Servicer, is representing the current mortgagee, whose address is:

c/o NEWREZ LLC F/K/A NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING
55 BEATTIE PLACE
MAILSTOP 015
GREENVILLE, SC 29601



EXHIBIT
G
tabbies'



NTSS00000009558487

FCTX_NTSS.rpt (11/17/2020)-S Ver-03

Page 1 of 3

Copy from re:SearchTX

13672 FM 1314 NORTH
BROWNSBORO, TX 75756

00000009558487

**THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED IN THIS NOTICE OF SALE THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY OR AUTHORIZED AGENT OF THE MORTGAGEE OR MORTGAGE SERVICER.**

The undersigned as attorney for the mortgagee or mortgage servicer does herby remove the original trustee and all successor substitute trustees and appoints in their steed RANDY DANIEL OR CINDY DANIEL OR JIM O'BRYANT whose address is c/o BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP, 4004 Belt Line Road, Suite 100, Addison, Texas 75001-4320 as Substitute Trustee, who shall hereafter exercise all powers and duties set aside to the said original trustee under the said Deed of Trust; and, further does hereby request, authorize, and instruct said Substitute Trustee to conduct and direct the execution of remedies set aside to the beneficiary therein.

Israel Saucedo

### Certificate of Posting

My name is _____, and my address is c/o 4004 Belt Line Road, Suite 100, Addison, Texas 75001-4320. I declare under penalty of perjury that on _____ I filed at the office of the HENDERSON County Clerk and caused to be posted at the HENDERSON County courthouse this notice of sale.

_____

Declarants Name:_____

Date:_____

Copy from re:SearchTX